**In the Matter of Marvin S. SCOTT and Delrose C. Scott d/b/a Scott's Patios of Florida, Debtor(s).**

**Bankruptcy No. 85–997.**

United States Bankruptcy Court
M.D. Florida,
Tampa Division.

Nov. 17, 1986.

---

Ronald R. Bidwell, Tampa, Fla., for debtor.

Chris C. Larimore, Bradenton, Fla., Trustee.

**ORDER ON MOTION OF GROFF INDUSTRIES, INC. FOR LEAVE TO FILE A FORMAL AMENDED PROOF OF CLAIM, FOR ALLOWANCE OF SAID AMENDED PROOF OF CLAIM, AND FOR ENTRY OF AN ORDER REQUIRING DEBTORS TO INCLUDE PAYMENT OF SAID AMENDED PROOF OF CLAIM IN THEIR PLAN OF REORGANIZATION, OR, IN THE ALTERNATIVE FOR ENTRY OF AN ORDER FINDING THAT THIS CREDITOR TIMELY FILED AN INFORMAL PROOF OF CLAIM AND REQUIRING DEBTORS TO INCLUDE PAYMENT OF SAID FORMAL PROOF OF CLAIM IN THEIR PLAN OF REORGANIZATION**

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is a Motion of Groff Industries, Inc. (Groff) for Leave to File a Formal Amended Proof of Claim, For Allowance of Said Amended Proof of Claim; and for Entry of an Order Requiring Debtors to Include Payment of Said Amended Proof of Claim in Their Plan of Reorganization; or, in the Alternative for Entry of an Order Finding that this Creditor Timely Filed an Informal Proof of Claim and Requiring Debtors to Include Payment of Said Formal Proof of Claim in Their Plan of Reorganization. In due course the motions were heard and the Court having considered the record and having heard arguments of counsel, now finds and concludes as follows:

On April 25, 1985, Marvin S. Scott and Delrose C. Scott d/b/a Scott's Patios of Florida (Debtors) filed their Petition for Relief under Chapter 7 of the Bankruptcy Code. On May 2, 1985, the office of the Clerk sent a Notice for a § 341 meeting scheduled for May 22, 1985, informing creditors that the Chapter 7 was a no-asset case; therefore, it was not necessary at that time to file a proof of claim. Thereafter on July 22, 1986, Groff Filed an Adversary Proceeding (No. 85–247) objecting to discharge of the Debtor. Groff's challenge to the Debtors' right to discharge was based on § 727(a)(2)(A) of the Bankruptcy Code and alleged certain fraudulent transfers by the Debtors. The foundation for this Complaint was a Final Judgment obtained by Groff in a Florida state court against the Debtors on May 27, 1984, in the amount of $5,062.11. Subsequently, on March 28, 1986, the Complaint was dismissed by order of this Court, because on February 7, 1986, this Court entered an Order of Conversion from Chapter 7 to Chapter 13.

A new Notice was issued by the Clerk's office for a § 341 meeting scheduled to be heard on March 10, 1986. This Notice informed for the first time all creditors, including Groff, that the last day to file proofs of claim was June 11, 1986. It is without dispute that Groff did not file a formal proof of claim, although on June 30,

1986, Groff filed an Objection to Confirmation of the Debtors' Chapter 13 Plan. On July 10, 1986, a confirmation hearing was held. On July 28, 1986, the Chapter 13 plan was confirmed. The confirmed Plan made no provision to deal with Groff's unsecured claim.

On July 24, 1986, Groff filed the motion presently under consideration. The Motion is, in essence, a Motion for Leave to File a Formal Amended Proof of Claim. Groff, realizing as it must, that it never filed a formal proof of claim prior to the expiration of the time period, i.e. 90 days provided for by Bankruptcy Rule 3002(c), nevertheless urges that its continuing participation in this case first during the pendency of the Chapter 7 case, then during the confirmation process in the Chapter 13 case, shall be accepted as an informal assertion of a claim capable of being amended by a formal proof of its claim.

In opposing Groff's motion the Debtors contend that creditors who desire to be recognized and participate in distribution in a Chapter 13 must file a proof of claim by virtue of Bankruptcy Rule 3002(c), and since no formal proof of claim was ever filed by Groff, it no longer should be recognized and permitted to participate in the distribution under the confirmed Chapter 13 Plan.

■ Considering the respective positions of the parties, it is well to state at the outset the proposition urged by the Debtors is facially correct, and creditors who want to be recognized and participate in a Chapter 13 case must file a proof of claim in a Chapter 13 case unlike in a Chapter 11 case where holders of non-disputed non-contingent claims properly scheduled do not. Bankruptcy Rule 3002(a).

■ A valid proof of claim must be in writing which contains a demand by the creditor on the debtor's estate coupled with an intent to hold the Debtor liable for the debt. *In re Guardian Mortgage Investors,* 15 B.R. 284, 285 (M.D.Fla.1981); *In re Sherret,* 58 B.R. 750, 751 (Bankr.W.D.La. 1986); *In re Nucorp Energy, Inc.,* 52 B.R. 843, 845 (Bankr.S.D.Cal.1985). In the present case Groff implicitly demanded re-

lief from the Debtors' estate and expressed the intent to hold them liable when it filed the Complaint Objecting to Discharge on June 22, 1985. For a document to constitute an informal proof of claim, a three-prong test must be met and the document must state an explicit demand showing:

(1) the nature of the claim;

(2) the amount of the claim against the estate; and

(3) the intent to hold the Debtor liable must be evident.

*See In re Sherret, supra* (filing of adversary proceeding by creditor meets filing proof of claim requirement of Bankruptcy Rule 3001 and Court considered it an informal proof of claim); *see also In re Sullivan,* 36 B.R. 771 (Bankr.E.D.N.Y.1984) (complaint objecting to discharge and written objection to confirmation of Chapter 13 amended plan found to be sufficient writings to constitute informal proof of claim).

Based on this record, this Court is satisfied that the Complaint Objecting to Discharge and the Objection to Confirmation of the Debtors' Chapter 13 Plan meets the elements of the three-prong test for informal proofs of claim indicated above. In the absence of prejudice to an opposing party, bankruptcy courts, as courts of equity, routinely allow amendments to proofs of claim and amendments generally relate back to the filing date of the informal proof of claim when the purpose is to cure a defect in the claim already timely asserted or to describe the claim with greater particularity and to formalize an informal proof of claim already presented. *In re Pizza of Hawaii, Inc.,* 761 F.2d 1374 (9th Cir.1985); *In re Sambo's Restaurants,* 754 F.2d 811 (9th Cir.1985).

The Complaint Objecting to Discharge and the Objection to Confirmation of the Debtors' Chapter 13 Plan shall be deemed to be sufficient to serve as an informal proof of claim capable of being supplemented by a formal amended proof of claim which merely describes the informal proof of claim with greater particularity. (Claim # 2). These Debtors were already aware of Groff's Claim from the very outset, especially during the pendency of the Chap-

ter 13 case, and there is nothing in this record to indicate any prejudice to the Debtors to permit Groff to formalize its informal proof of claim.

Lastly, it should be noted that prior to the hearing this Court through inadvertance entered an Order and granted Groff's Motion for Leave to File a Formal Amended Proof of Claim and a Motion for the Entry of an Order Requiring Debtors to Include Payment of the Amended Proof of Claim in the Plan of Reorganization. Inasmuch as this Court is satisfied that the entry of that order was premature, in order to clear the record the same should be vacated and set aside. And the Motion to Reconsider the Order filed by the Debtor should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Order heretofore entered granting Groff's Motion be, and the same is hereby, set aside and vacated. It is further

ORDERED, ADJUDGED AND DECREED that the Motion of Groff Industries, Inc. for Leave to File a Formal Amended Proof of Claim, for Allowance of Said Amended Proof of Claim, and for Entry of an Order Requiring Debtors to Include Payment of Said Amended Proof of Claim in Their Plan of Reorganization, or, in the Alternative for Entry of an Order Finding that this Creditor Timely Filed an Informal Proof of Claim and Requiring Debtors to Include Payment of Said Formal Proof of Claim in Their Plan of Reorganization be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Complaint Objecting to Discharge and the Objection to Confirmation of the Debtors' Chapter 13 Plan be, and the same is hereby, deemed to be accepted as an informal proof of claim. It is further

ORDERED, ADJUDGED AND DECREED that the Amended Formal Proof of Claim which amends the Informal Proof of Claim be, and the same is hereby, allowed as an unsecured claim in the amount of $5,062.01. It is further

ORDERED, ADJUDGED AND DECREED that this Court will consider an appropriate Motion to Modify Order Confirming Plan of Debtors by Groff Industries, Inc.