In re The CHARTER COMPANY, et al., Debtors.

The CHARTER COMPANY and Charter Oil Company, Plaintiffs–Appellants,

v.

DIOXIN CLAIMANTS, Defendants–Appellee.

No. 88–3146.

United States Court of Appeals, Eleventh Circuit.

June 28, 1989.

---

Stephen D. Busey, Waddell A. Wallace, III, Jacksonville, Fla., for plaintiffs-appellants.

Howard J. Sedran, Philadelphia, Pa., for defendant-appellee.

Before HILL and ANDERSON, Circuit Judges, and ESCHBACH *, Senior Circuit Judge.

ANDERSON, Circuit Judge:

This appeal presents the question of whether the motion for relief from the automatic stay filed by the bankruptcy claimants constituted an informal proof of claim. Upon the particular facts and circumstances of this case, we hold that it does.

## I. BACKGROUND

The appellees ("claimants") in this case are plaintiffs or potential plaintiffs in a large number of civil actions in Missouri. The suits, which are against the Independent Petrochemical Corporation ("IPC") and other unrelated defendants, allege tort injury as a result of exposure to waste oil contaminated with dioxin. IPC is a subsidiary of the Charter Company; the Charter Company and Charter Oil Company are the

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

appellants in this case. For the sake of economy, the appellants will be jointly referred to throughout this opinion as Charter.

On April 20, 1984, Charter and several of its affiliates, including IPC, filed for bankruptcy relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101 *et seq.* Pursuant to the Bankruptcy Rules, the bankruptcy court established a bar date of November 19, 1984, for filing proofs of claim.

Prior to the bar date, on November 6, 1984, the claimants filed a motion in bankruptcy court for relief from the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362.[1] The motion was resolved by stipulation, under which the claimants, Charter and IPC agreed that the motion would be granted as to IPC but denied as to Charter. The stipulation further agreed that any claims against Charter would be pursued in bankruptcy court.[2] The bankruptcy court adopted the terms of the stipulation in an order dated December 7, 1984.[3] The claimants did not file any formal proof of claim prior to the bar date.

During the following two years, Charter and its affiliates proceeded with structuring the reorganization plan. The plan specifically provided that as a condition precedent for its confirmation Charter would have to be adjudicated not liable for the dioxin-related claims. On October 1, 1986, Charter filed a proof of claim on the claimants' behalf, simultaneously objecting to the claims as untimely. The claimants did not participate in the reorganization in any way until the foregoing objection by Charter.

The bankruptcy court overruled the untimeliness objections of Charter and held that the claimants' November 6, 1984, motion for relief from the automatic stay was an informal proof of claim. On appeal, this order was affirmed by the district court. The district court found that the motion satisfied the elements of an informal proof of claim, because it unambiguously stated the "nature of the appellees' claims and their intention to hold the appellants liable." [4] This appeal followed.

## II. DISCUSSION

■ Before proceeding to Charter's specific contentions, it is helpful briefly to set out the bankruptcy procedures at issue. Under chapter 11 of the Bankruptcy Code, certain claimants against an estate in bankruptcy must file proofs of claim in order to participate in a reorganization and obtain any monetary satisfaction. Bankruptcy Rule 3003(c). In order to ensure finality, Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix ... the time within which proofs of claim or interest may be filed." After passage of this time, referred to as the bar date, the claimant cannot participate in the reorganization unless he establishes sufficient grounds for the failure to file a proof of claim. *See generally In re South Atlantic Financial Corp.*, 767 F.2d 814, 817 (11th Cir.1985), *cert. denied,* 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986).

■ Under some circumstances, actions by a claimant which do not amount to a formal proof of claim may constitute an informal proof of claim. *Id.* at 819; *see also In re Pizza of Hawaii, Inc.,* 40 B.R. 1014 (D.Hawaii 1984), *aff'd* 761 F.2d 1374 (9th Cir.1985). Not every document filed in the bankruptcy court will constitute an informal proof of claim, however; the document must apprise the court of the existence, nature and amount of the claim (if ascertainable) and make clear the claimant's intention to hold the debtor liable for the claim. *In re South Atlantic Finan-*

---

**1.** "Motion for Relief from Automatic Stay and Modification of this Court's Order of June 22, 1984." R.2 7:1–7.

**2.** The stipulation states, in relevant part, that the claimants and Charter agree that "the resolution of Movants' claims against such debtors in possession [i.e., Charter] will be subject to resolution in the United States Bankruptcy Court for the Middle District of Florida as long as these proceedings remain pending." R.2 10:2 (Stipulation, Dec. 7, 1984).

**3.** R.2 11:1 (Order, Dec. 7, 1984).

**4.** District Court Opinion and Order, January 28, 1988, at 10.

*cial Corp.*, 767 F.2d at 819; *In re Guardian Mortgage Investors*, 15 B.R. 284 (Bankr.M.D.Fla.1981). Mere knowledge by the debtor of the creditor's claim will not suffice to establish the existence of a valid proof of claim. *In re South Atlantic Financial Corp.*, 767 F.2d at 819. Under this doctrine, courts have construed a variety of documents as informal proofs of claim, including motions for relief from an automatic stay, *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374 (9th Cir.1985); *In re Guardian Mortgage Investors*, 15 B.R. 284 (Bankr.M.D.Fla.1981), letters notifying the trustee of a debt of the estate, *In re Anderson–Walker Industries, Inc.*, 798 F.2d 1285, 1288 (9th Cir.1986), and complaints against a chapter 7 discharge together with an objection to a chapter 13 plan, *In the Matter of Scott*, 67 B.R. 1011 (Bankr.M.D.Fla.1986).

█ In determining whether the motion constituted an informal proof of claim, we consider first whether the motion apprised the court of the existence, nature and amount of the appellees' claims and second whether it made clear the claimants' intent to hold Charter liable. We conclude that the motion for relief from the automatic stay constituted an informal proof of claim. With respect to the first test, the motion apprised the bankruptcy court of the existence and nature of the claims.[5] The motion

clearly states that the claimants sought to hold Charter and IPC liable in tort for injuries resulting from the dioxin-contaminated oil.[6]

We also believe that the second test, the intent to hold Charter and IPC liable, is clearly established. The filing of the motion itself and the motion's language describing the subject of the lawsuit evidence an intent to hold Charter and IPC liable. *In re Guardian Mortgage Investors*, 15 B.R. 284, 285 (Bankr.M.D.Fla.1981). Moreover, we are not limited to examining solely the motion. As Charter conceded at oral argument, we can examine the other documents and actions of the claimants, even if they occur after the bar date. *See In re International Horizons, Inc.*, 751 F.2d 1213, 1218 (11th Cir.1985) (discussing actions after bar date). Therefore, we can consider the stipulation, which was entered into approximately a month after the bar date.

The stipulation provides that the automatic stay would remain in effect with regard to Charter. It also states that the claimants would resolve their claims against Charter in the bankruptcy court. We believe that this provision further evidences the claimants' intent to hold Charter liable. It is clear that the effect of the stipulation is to reserve claimants' rights to pursue the claims; such explicit preserva-

---

**5.** Although the motion did not set out the amount of the claim, that amount was not ascertainable due to the fact that the underlying tort claims had yet to be litigated in state court. Under those circumstances, the failure to specify amount will not defeat the informal proof of claim. *See In re Pizza of Hawaii, Inc.*, 761 F.2d 1374 (9th Cir.1985).

**6.** The motion, in relevant part, reads as follows:

2. ... *All of the respondents are culpable* for the damages caused by dioxin contamination.
. . . .
5. *All of the movants ... have tort claims against respondents arising from said respondents' involvement* in the manufacture, disposal and distribution of certain toxic chemicals, more particularly dioxin....
6. Some of the movants have previously filed suit in the State and Federal Courts of Missouri....
7. The remaining movants have present intentions to file suit and have authorized the

undersigned counsel to commence such suits but have been precluded from the same by virtue of the automatic stay previously entered by this Court.
8. The movants' claims are of such a nature that they are not readily ascertainable in a certain dollar amount and must await a trial on the merits after full and complete discovery.
. . . .
10. It is believed that *respondents* have insurance which may not be sufficient to cover the claims of the movants....
11. Movants would like the ability to proceed to judgment in the State and Federal forums in the State of Missouri. However, movants would specifically believe this Court should, after judgment, stay all execution on judgments so that the same can dovetail with an equitable distribution of the proceeds of insurance, as well as the debtors' assets in these bankruptcy proceedings.
R.2 7:2–5 (emphasis added).

tion of the claimants' rights would be unnecessary unless they intended to pursue their claims. We conclude that, together, the motion and the stipulation are an unambiguous assertion of a claim against Charter, incorporating all of the elements required for an informal proof of claim.[7]

Charter argues that the motion does not make clear that the claimants intended to hold Charter, in addition to IPC, liable. First, Charter contends that the nature of the claims asserted reflects an intent to hold only IPC liable. Paragraph 5 of the motion states that the tort claims are based on the manufacture, disposal and distribution of dioxin, and Charter contends that it never was involved in any of those activities. Therefore, Charter argues, the motion does not fairly describe claims made specifically against it. The strongest argument against Charter's position is the fact that the motion describes claims against "all of the respondents," which included Charter. Moreover, the motion states that the claims *arise from* the dioxin-related activities, a description which readily includes Charter. Thus, although Charter argues that the motion does not specify under what tort theory Charter is responsible for the injuries, we agree with the district court that the language used by the motion was sufficient to specify the nature of the claims and that the claims so described were intended to apply to Charter.

Charter also argues that because paragraph 6 of the motion refers to the claimants' suits against respondents—and at the time of the motion suits were pending only against IPC—it is not clear that the claimants had claims against Charter. However, there can be no ambiguity when the motion stated claims against *all* of the respondents, which clearly included Charter. In all, Charter's arguments do not persuade us that the motion is ambiguous.

Charter, relying on *In re International Horizons, Inc.,* 751 F.2d 1213 (11th Cir. 1985), also argues that the claimants' lack of participation in the reorganization plan precludes the finding that they intended to hold Charter liable. We are not convinced by this argument, because *International Horizons* presented an entirely different situation than the one before us. In *International Horizons,* the claimant, the Internal Revenue Service, had audited the debtor prior to bankruptcy. At the conclusion of the audit, the debtor's liability for corporate income tax was unresolved. After the debtor declared bankruptcy, the IRS filed proofs of claim for withholding and federal unemployment tax liability, but did not file a proof of claim for the income tax. After the bar date had passed, the IRS did file a notice of deficiency, and then sought to amend the earlier proofs of claim to include the income tax claim. After holding that the income tax claim was unrelated to the subject of the other proofs of claim, the court addressed the question of whether the audit discussions over the corporate income tax constituted an informal proof of claim.

The court held that the audit and discussions were not an informal proof of claim, because they did not communicate that the IRS had what it believed to be a legal claim for money owing and because nothing was filed prior to the bar date relating to the potential income tax liability. Viewed alone, the unresolved audit controversy could as readily be construed as communicating that the IRS had decided not to act as that it believed the taxpayer liable. Therefore, the court concluded, the IRS had not satisfied an essential requirement of an informal proof of claim. The court then noted that the ambiguous message became less ambiguous by the IRS' subsequent inaction, indicating an intent not to assert a claim.

---

7. *In re International Horizons, Inc.,* 751 F.2d 1213, 1218 (11th Cir.1985), seemed to apply an abuse of discretion standard of review on the issue of whether the district court correctly concluded that there was an informal proof of claim. Other cases hold that the issue is a question of law subject to *de novo* review. *See In re Anderson–Walker Industries, Inc.,* 798 F.2d

1285, 1287 (9th Cir.1986); *In the Matter of Pizza of Hawaii, Inc.,* 761 F.2d 1374, 1377 (9th Cir. 1985); *see also In re South Atlantic Financial Corp.,* 767 F.2d 814 (11th Cir.1985), *cert. denied,* 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986). We need not reach the question of which standard is correct, because we find no error even under the stricter standard of review.

The instant case is different. As detailed above, the claimants here filed a motion in the bankruptcy court prior to the bar date which clearly apprised the court of the existence and nature of the claim and which clearly stated an intent to hold Charter liable. The motion was settled by stipulation which provided that the claim against Charter would be resolved in the bankruptcy proceedings. The disclosure statement filed in connection with the plan of reorganization took the claim into account. Under the particular circumstances of this case, we conclude that claimants have satisfied the requirements of an informal proof of claim.

Thus, Charter's argument based on *International Horizons* is not convincing. When a purported proof of claim is ambiguous as to the intentions of the claimant, the court may consider the claimant's actions to resolve the ambiguity, as the court did in *International Horizons*. However, where, as here, the court finds that there is an unambiguous proof of claim—i.e., when the claimant's intent to hold the debtor liable is clear on the face of informal proof of claim—the claimant's subsequent inaction will not invalidate the claim.

## III.  CONCLUSION

The claimants' motion for relief from the automatic stay and the subsequent stipulation were an unambiguous assertion of the existence and nature of their claims, and of their intention to hold Charter liable. Because these documents satisfy the requirements of a proof of claim under the informal proof of claim doctrine, the decision of the district court is

AFFIRMED.