## In re GATEWAY INVESTMENTS CORPORATION, et al., Debtors.

### Bankruptcy No. 89–23729 BKC SMW.

United States Bankruptcy Court,
S.D. Florida,
Broward Division.

May 11, 1990.

Herbert Stettin, Miami, Fla., for Carteret.

Raymond Ray, Ft. Lauderdale, Fla., for debtor.

## ORDER AUTHORIZING FILING OF AMENDED PROOF OF CLAIM BY CARTERET SAVINGS BANK

SIDNEY M. WEAVER, Chief Judge.

This matter came before the Court on April 18, 1990 on Carteret Savings Bank's ("Carteret") Motion to Value Claim and the Debtor's objections thereto. Carteret and the Debtor stipulated that the Court should first determine whether Carteret had filed an informal proof of claim capable of amendment. If so, valuation of the amount of that claim would be handled as provided in the plan of reorganization.

The Court, having reviewed the pleadings, the Stipulation of Facts and the Law between Gateway Investments Corporation and Carteret Savings Bank, and the memoranda of law filed by both parties, and having heard argument of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law.

### I.

### FACTS

Debtors Gateway Investments Corporation and Lester Byron filed separate voluntary Chapter 11 petitions on July 25, 1989. By Order dated August 14, 1989, the Court consolidated the two Debtors for purposes of joint administration. The cases were deconsolidated by a subsequent order entered February 16, 1990.

The bar date for filing proofs of claim in each case was December 14, 1989.

On September 29, 1989, Carteret filed a Motion for Relief from Stay in which it alleged:

a. It held a first mortgage upon real property owned by Gateway.

b. There was no equity in the property.

c. The sums due Carteret under its note and mortgage were $8,991,360.75 as principal as of September 25, 1989; interest at the note rate through August 14, 1989 of $135,459.49; and interest at the default rate from and after August 15, 1989 through September 14, 1989 of $262,248.02. The total due as interest was $397,707.51 through September 25, 1989, together with a per diem of $6,244.00 per day from and after September 26, 1989.

d. The property was worth substantially less than that sum as determined by a current appraisal.

e. The realty is vacant land, and may not be worth the amount due under the note and mortgage and could not be successfully marketed by Gateway.

f. Carteret was entitled to relief from stay to proceed to foreclosure, up through and including a sale of the property.

g. Attached to the Motion for Relief from Stay as exhibits were an October 5, 1984 Real Estate Mortgage and Security Agreement; a February 1, 1986 Future Advance and Mortgage Modification Agreement; a February 1, 1986 Guaranty by Gateway Investments Corp. of the obligations of Byron Development Corp. to Carteret; an October 5, 1984 Unlimited, Continuing and Unconditional Guaranty of Gateway Investments Corp. by Byron; and a March 10, 1989 Consolidated Promissory Note.

In addition to its Motion for Relief from Stay, Carteret filed an Objection to Settlement Agreement with Barnett Bank on September 8, 1989 and a Motion for Rule 2004 Examination on September 20, 1989, both well prior to the bar date. In its Motion for Rule 2004 Examination, Carteret alleged it was entitled to discovery on the issues made in the Motion for Relief from Stay, and that it had the "burden of proof on the question of the Debtor's equity in the property which is the subject of the Motion for Relief from Automatic Stay, and the Debtor has the burden of proof on all other issues made."

Counsel for Carteret deposed Lester Byron on October 17, 1989 for use as evidence in the bankruptcy proceedings of both Gateway and Byron. Mr. Byron testified he was previously the chief executive officer of Gateway (Deposition at 5). He identified each of the loan documents attached to Carteret's Motion for Relief from Stay (Deposition at 7–8, 10–16) and acknowledged there was no dispute as to the genuineness of each note, mortgage and guaranty evidencing the loan obligation (Deposition at 11). He confirmed the amount of principal and interest owed on the loan. (Deposition at 15–17). He admitted the loan was in default. (Deposition at 20–21). The only apparent dispute was the present market value of the collateral.

Thereafter, by Order dated November 17, 1989, by agreement of counsel for Gateway and Byron and for Carteret, the Court granted Carteret's Motion for Relief from Stay authorizing it to proceed up through final judgment of foreclosure. The Debtors expressly reserved the right to contest the value of the property in order to determine the extent, if any, of Carteret's deficiency unsecured claim.

Carteret did not file a formal proof of claim prior to the bar date.

## II.

### ISSUE

Whether the filing of a motion for relief from stay, the Rule 2004 examination, and the other documents filed with the Court constituted an informal proof of claim capable of amendment sufficient to allow Carteret a claim in the estate of the Debtor and the right to vote on and participate in the plan of reorganization?

## III.

### MERITS

■ The Court finds that Carteret's motion for relief from stay and the admissions in Byron's deposition, coupled with other documents filed with the Court, constitute an informal proof of claim which is capable of amendment. As such, Carteret is a creditor with a filed proof of claim sufficient to participate in the plan of reorganization. *The Charter Co. v. Dioxin Claimants (In re The Charter Co.)*, 876 F.2d 861, 864–866 (11th Cir.1989); *Pizza of Hawaii, Inc. v. Shakey's, Inc. (In re Pizza of Hawaii, Inc.)*, 761 F.2d 1374, 1381–82 (9th Cir.1985); *In re Chicoine*, 97 B.R. 30, 33 (Bankr.D.Mont.1988).

■ Claims listed by the debtor on its schedule of claims as "disputed, contingent or unliquidated" typically require a proof of claim to be filed in order for a claimant to participate in a plan of reorganization. *In re South Atlantic Financial Corp.*, 767 F.2d 814, 817 (11th Cir.1985); 11 U.S.C. Section 1111(a). However, amendments to proofs of claims are freely allowed where the purpose is simply to cure a defect in the claim as originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery. *In re South Atlantic Financial Corp.*, 767 F.2d at 819; *In re Int'l. Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir.1985). *See also In re Commonwealth Corp.*, 617 F.2d 415, 420–21 (5th Cir.1980); *In re Imperial Sheet Metal, Inc.*, 352 F.Supp. 1149, 1154–55 (M.D.La. 1973). The minimum requirement for amendment is that there must be something timely filed with the bankruptcy court capable of being amended before the court will permit a party to file an amended proof of claim. *In re Int'l. Horizons, Inc.*, 751 F.2d at 1217; *In re Sems Music Co.*, 24 B.R. 376, 380 (Bankr.M.D.Tenn.1982).

■ In order to constitute an informal proof of claim, the document must apprise the court of the existence, nature and amount of the claim, if ascertainable. *In re The Charter Co.*, 876 F.2d at 863; *In re South Atlantic Financial Corp.*, 767 F.2d at 819; *In re Pizza of Hawaii, Inc.*, 761 F.2d at 1380–81; *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 815 (9th Cir. 1985); *Perry v. Certificate Holders of Thrift Savings*, 320 F.2d 584, 590 (9th Cir. 1963). It must also evidence an intent by the claimant to hold the debtor liable for the claim. *In re The Charter Co.*, 876 F.2d at 863; *In re South Atlantic Financial Corp.*, 767 F.2d at 819; *Guardian Mortgage Investors v. Sunset Villas Phase III Condominium Ass'n, Inc. (In re Guardian Mortgage Investors)*, 15 B.R. 284, 285 (M.D.Fla.1981).

Clearly, each element of an informal proof of claim, as defined by *In re The Charter Co.*, and *In re South Atlantic Financial Corp.*, has been met in this case.

### A. *Existence of the claim*

The first requirement for an informal proof of claim is that the document must apprise the Court of the existence of the claim. *In re The Charter Co.*, 876 F.2d at 863; *In re South Atlantic Financial Corp.*, 767 F.2d at 819; *In re Pizza of Hawaii, Inc.*, 761 F.2d at 1380–81. This requirement is met by the Motion for Relief from Stay, which describes in detail the full amount of the Debtor's obligation under the loan documents, including obligations for interest.

In addition, Carteret examined Lester Byron pursuant to Rule 2004 deposition, and he identified all of the loan documents and admitted the full amount of the loan, including interest was due. (Deposition at 7–8, 10–17, and 20–21).

### B. *The nature of the claim*

The second requirement of an informal proof of claim is that the document filed must apprise the court of the nature of the claim. *Id.* Again, the Motion for Relief from Stay and the Rule 2004 deposition of Byron clearly meet this obligation. The Motion for Relief from Stay describes the obligation as a first mortgage against real property of the Gateway estate and a guarantee by Byron of the obligation. Moreover, the Motion for Relief from Stay alleged the full amount of principal and interest due and the fact the property was worth substantially less than that sum. All the loan documentation was referred to in the motion and was attached. These documents, particularly the note and the guarantees, fully describe the nature of the obligation. Each of the documents identified by Byron in the 2004 examination apprised the Court of the nature of the claim in even greater detail than required by Official Form No. 19 of the Rules of Bankruptcy Procedure.

### C. *Amount of claim*

The third test for an informal proof of claim is that the document filed must state the amount of the claim. The Motion for Relief from Stay indisputably satisfied this requirement, as did Byron's testimony at the Rule 2004 examination.

### D. *Intent to hold the Debtor liable*

The final requirement is that the documents filed with the Court must also evidence an intent to hold the debtor liable for the claim. *Id.* The Motion for Relief from Stay and Rule 2004 examination of the Debtor satisfied this requirement as well. The Motion for Relief from Stay demanded relief from the bankruptcy estate and expressed an intent to hold the estate liable for the claim. A plain reading of the motion reveals its intent was to initiate a lawsuit.

Where a motion for relief from stay states as its purpose the intent to name the debtor in a lawsuit, that itself is strong evidence of an intent to hold the estate liable. *See In re The Charter Co.*, 876 F.2d at 864–65; *In re Pizza of Hawaii, Inc.*, 761 F.2d at 1381; *In re Chicoine*, 97 B.R. at 32–33; *Guardian Mortgage Investors*, 15 B.R. at 285–86. *See also County of Napa v. Franciscan Vineyards, Inc.*, 597 F.2d 181 (9th Cir.1979), *cert. denied*, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598

(1980); *Sun Basin Lumber Co. v. United States,* 432 F.2d 48 (9th Cir.1970).

In addition to Carteret's Motion for Relief from Stay, the Rule 2004 deposition of Byron demonstrated Carteret's intent to hold the Debtors liable for the full amount of the claim.

The Debtor acknowledged liability in the deposition and in documents filed with the Court. Prior to the bar date, the Debtor filed a Motion for Order Determining Secured Status of Carteret, pursuant to Bankruptcy Code Section 506. In that motion, it was admitted that "Carteret Federal Savings Bank is a Creditor of the Debtor by virtue of a Promissory Note and Mortgage. The approximate principal amount currently due on said Promissory Note as of September 25, 1989 is $8,991,360.75. Carteret holds as security for its Promissory Note a first mortgage on the Debtors real property known as Spectrum Project ..." Also prior to the bar date, the Debtors filed a Motion for Order Consolidating Hearings on Carteret Motions in which the Debtors again admitted Carteret was a creditor.

### IV.

### CONCLUSION

The Eleventh Circuit's decision in *In re The Charter Co.* is dispositive of the issue herein. That case held a motion for relief from stay may constitute an informal proof of claim if all of the claim requirements are met. 876 F.2d at 863–64. Like the creditor in that case, the documents filed by Carteret, together with the Debtors' admissions through Byron's testimony, amply fulfill the necessary requirements. Accordingly, Carteret has filed an informal proof of claim which may be amended to conform to the requirements of Bankruptcy Rule 3001 and entitles Carteret to participate as a creditor in both the Gateway and Byron plans of reorganization.

DONE AND ORDERED.