**In re SQUARE SHOOTER, INC., Debtor.**

**Bankruptcy No. 89–02589.**

United States Bankruptcy Court, S.D. Alabama.

Feb. 1, 1991.

---

**MEMORANDUM OPINION**

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came on for hearing on the Motion of the Claimant, Dave Goleman, for allowance of late-filled Proof of Claim and the Objection of the Debtor, Square Shoot-

er, Inc., to Claim # 9—Dave Goleman. After due deliberation on all testimony, arguments of counsel and briefs subsequently submitted, this Court finds, concludes and orders as follows:

## FINDINGS OF FACT

The Debtor, Square Shooter, Inc., filed a Chapter 11 petition with this Court on December 18, 1989. Prior to the filing, the Claimant, Dave Goleman, sustained personal injuries on or about September 30, 1988 as the result of an accident on board a vessel owned by the Debtor. The Claimant filed a civil action against the Debtor in the United States District Court of Louisiana on January 20, 1989.

The Claimant served the Debtor with the complaint on February 8, 1989 and the Debtor filed an answer on March 3, 1989. The Claimant filed an amended complaint in April 4, 1989. Although the Debtor denied responsibility for the Claimant's injuries, it issued "maintenance and cure" payments to the Claimant in August and December of 1989. The Claimant retained a new attorney. On December 4, 1989, the Claimant's new attorney filed a motion for partial summary judgment in the civil complaint.

The Claimant was listed as a disputed and contingent creditor on the Debtor's original schedules. The Debtor filed a motion to stay the civil action on February 6, 1990 and the order staying the action was entered on April 11, 1990. A bar date for filing proofs of claim was set for April 23, 1990. A timely notice of the bar date was sent to the Claimant's attorney; however, the Claimant's attorney was unclear as to the need to file a proof of claim for a disputed claim. On May 10, 1990, the Claimant filed a proof of claim for $525,-000.00. The Debtor filed an objection to allowance of the claim on September 4, 1990.

## CONCLUSIONS OF LAW

■ Chapter 11 of the Bankruptcy Code requires certain creditors to file a proof of claim in order to participate in reorganization. 11 U.S.C. § 1111. Failure to file a timely proof of claim results in loss of participation in the reorganization of the debtor. Bankruptcy Rule 3003 establishes the formal procedure for filing a formal proof of claim. When a claimant fails to meet the formal requirements of a proof of claim, courts have allowed a claim as an informal proof of claim. *See In re Charter, Co.*, 876 F.2d 861 (11th Cir.1989); *In re South Atl. Fin. Corp.*, 767 F.2d 814 (11th Cir.1985). The issue before this Court is whether the Claimant has an informal proof of claim even though no document was filed with the bankruptcy court before the bar date.

■ To qualify as an informal proof of claim, a document must "apprise the [bankruptcy] court of the existence, nature and amount of the claim (if ascertainable) and make clear the claimant's intention to hold the debtor liable for the claim." *In re Charter, Co.*, 876 F.2d at 863. Mere knowledge by the debtor is not sufficient for a valid proof of claim. The debtor's scheduling of a creditor's disputed claim is also inadequate to prove a claim. *In re South Atl. Fin. Corp.*, 767 F.2d at 819; *In re Charter, Co.*, 876 F.2d at 863–64.

■ Once an informal proof of claim is established, the claimant must then file a formal proof of claim with the Court to amend and cure any defect in the informal claim. *In re Int'l Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir.1985); *In re South Atl. Fin. Corp.*, 767 F.2d at 819. However, before a court will allow a party to file a formal claim amending an informal claim, there must be something filed with the court capable of being amended. *In re South Atl. Fin. Corp.*, 767 F.2d at 819.

The Claimant's assertion of an informal proof of claim must fail because no document was filed to alert the Court of a claim against the debtor. While the Debtor presumably knew of the claim, the emphasis of the *Charter* test for an informal proof of claim is whether the *bankruptcy court* knew of the existence, nature, and amount of the claim. There is no evidence to show the Court's awareness of the claim. To allow the Claimant's claim with-

out the filing of a document would undermine the statutory requirement of filing a formal proof of claim. It follows that the proof of claim filed May 10, 1990 cannot serve as an amendment to an informal claim.

Bankruptcy Rule 3003(c)(3) enables a bankruptcy court to extend the period for filing a proof of claim "for cause shown." This rule is read in conjunction with Bankruptcy Rule 9006(b) which provides:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect.*

(Emphasis added). The Eleventh Circuit has defined "excusable neglect" as "the failure to timely perform a duty ... due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *In re South Atl. Fin. Corp.*, 767 F.2d at 817. An attorney's mistake about the content of rules or unfamiliarity with the rules is not grounds for excusable neglect. *Id.* at 818, *citing Sherrod v. Piedmont Aviation, Inc.*, 516 F.Supp. 39, 41 n. 1 (E.D.Tenn.1978).

This Court finds that the Claimant failed to establish excusable neglect under Bankruptcy Rule 9006(b)(2). The evidence reveals that timely notice was given to the Claimant's attorney before the bar date of April 23, 1990. The Claimant's attorney testified that there was a misunderstanding about the need to file a proof of claim for a disputed claim. These facts do not show that the failure to file a timely proof of claim was beyond the reasonable control of the Claimant.

Based on the foregoing, this Court finds the Claimant's Motion for allowance of the Proof of Claim filed May 10, 1990 is due to be denied, and the Debtor's Objection to allowance of the Claimant's claim is due to be sustained.