**Isaias MATA, et al., Plaintiffs,**

**v.**

**David M. SCHOCH, et al., Defendants.**

**Civ.A. No. B–05–059.**

United States District Court,
S.D. Texas,
Brownsville Division.

Oct. 26, 2005.

Phil A. Bellamy, Attorney at Law, Brownsville, TX, for Plaintiffs.

Elizabeth Guerrero Christ, Ransome & Ray PC, Brownsville, TX, Stuart Jason Diamond, Attorney at Law, South Padre Island, TX, for Defendants.

## MEMORANDUM OPINION AND ORDER

HANEN, District Judge.

Pending before the Court are Plaintiffs' Motion for Reconsideration [Docket No. 39], Plaintiffs' Motion for Extension of Time to File Joint Pretrial Order [Docket No. 40], Defendant Club Zippers, Inc.'s Motion to Dismiss Pursuant to FRCP 12(b) and FRCP 12(c) [Docket No. 43], Defendants Ernesto "Ernie" Garza, Jr., Daniel "Bubba" Baecker, and Debra Stukey and Wanda Baecker d/b/a SPI Security Motion for Leave to File Amended Answer [Docket No. 45], Defendants Ernesto "Ernie" Garza, Jr., Daniel "Bubba" Baecker, and Wanda Lynn Baecker and Debra Stukey d/b/a SPI Security's Motion to Dismiss [Docket No. 46], Defendant David M. Schoch's Motion to Strike Plaintiffs' Exhibits [Docket No. 52], and Defendant David Schoch's Unopposed Motion to Continue Final Pretrial Conference and Trial Setting. [Docket No. 53]

## I. Factual Background

Isaias Mata, Jr., was killed when he was struck by a car driven by Jose Angel Torres, Jr., who was allegedly intoxicated after leaving Mario's Bar on the evening of February 16, 2002. As a result of the accident, Plaintiffs filed suit against the following defendants: (1) David M. Schoch; (2) Mario Lopez Olivarez,[1] (3)

---

1. Plaintiffs' claims against Mario Lopez Olivarez were dismissed by this Court on July 15,

Club Zippers, Inc., d/b/a Mario's Bar ("Club Zippers"), and (4) Ernesto "Ernie" Garza, Jr., Daniel "Bubba" Baecker, and Wanda Baecker and Debra Stukey d/b/a SPI Security ("SPI Security defendants"). Plaintiffs originally filed this suit in the 375th Judicial District Court for Cameron County on April 5, 2002, alleging Defendants Schoch and Club Zippers were liable under the Texas Dram Shop Act,[2] and later amended their complaint to include claims against the SPI Security defendants. *In re Club Zippers, Inc.,* Adversary No. 04–01033, Docket No. 1, Ex. 1; Docket No. 5, Ex. 58. On December 2, 2004, the state court granted Defendant Schoch's Motion for Summary Judgment, rejecting Plaintiffs' attempt to pierce the corporate veil of Club Zippers in order to hold Schoch liable as the sole shareholder. *Id.* at Docket No. 12. Defendant Club Zippers filed for bankruptcy under Chapter 11 on December 21, 2004, and Defendant Schoch removed the Plaintiffs' cause of action to the bankruptcy court two days later. *In re Club Zippers, Inc.,* No. 04–11644. Plaintiffs filed a Motion to Lift Stay in order to pursue their claims against Club Zippers and Schoch on February 11, 2005. *Id.* at Docket No. 12. The bankruptcy court denied Plaintiffs' motion on March 3, 2005, without explanation. *Id.* at Docket No. 22, Order Denying Motion to Lift Stay filed by Isaias Mata, et al.

During the pendency of Club Zippers' bankruptcy, Plaintiffs' suit was listed in the bankruptcy petition,[3] the Disclosure Statement of Club Zippers,[4] and the Debtor's Plan of Reorganization.[5] However, Club Zippers argues that because Plaintiffs' suit was listed as disputed they were required to file a proof of claim by June 20, 2005, in order to preserve their claim on the estate. In response, Plaintiffs argue that the removal of their claim to the bankruptcy court and inclusion of their claim in the Schedules, Disclosure Statement, and Plan of Reorganization, acted as an informal proof of claim. Thus, Plaintiffs urge the Court to accept the state court petition and bankruptcy filings as a proof of claim and look to the merits of their Motion to Reconsider Summary Judgment Granted in Favor of Defendant Schoch in State Court Prior to Removal.

## II. Analysis

The pending motions present three main issues for the Court: (A) whether Plaintiffs' failure to submit a proof of claim to the bankruptcy court precludes Plaintiffs from asserting their cause of action against Club Zippers—a predicate for piercing the corporate veil; (B) whether this Court can and will reconsider the state court's granting of summary judgment in favor of the Defendants; and (C)

---

2005. [Docket Nos. 36 & 37]

2. TEX. ALCOHOLIC BEVERAGE CODE § 2.02 (2005).

3. *In re Club Zippers, Inc.,* No. 04–11644, Docket No. 1, Schedule F.

4. *Id.* at Docket No. 30. The Disclosure Statement: (1) states that "Debtor was forced to file bankruptcy in late December after being sued by various plaintiffs on a wrongful death action under the Texas Dram Shop statute," (2) explains that the lawsuit "has been removed to federal district court in Brownsville, Texas, ... [where] Judge Andrew Hanen is

presiding over the case," (3) lists the lawsuit as an unsecured disputed claim, and (4) mentions the lawsuit under a separate section entitled "PENDING LITIGATION, ACTIONS PERTAINING TO FRAUDULENT TRANSFERS, VOIDABLE PREFERENCES AND EQUITABLE SUBORDINATIONS."

5. *Id.* at Docket No. 31. The Plan of Reorganization lists the lawsuit as an unsecured disputed claim, but also states that such claims "are disputed and shall be litigated in federal district court," and that "[i]f upheld by the court, they shall be paid along with those claims found in class 6 above."

the liability of the SPI Security defendants.

### A. Proof of Claim

The filing of a proof of claim in a Chapter 11 case is required by Rule 3003 of the Federal Rules of Bankruptcy Procedure for any claim that is "scheduled as disputed, contingent, or unliquidated." FED. R. BANKR. P. 3003(c)(2). The proof of claim must be filed by the bar date fixed by the bankruptcy court. FED. R. BANKR. P. 3003(c)(3). "If a creditor neglects to file such notice, the § 524 injunction 'will act to shield the debtor' from the creditor." In re Coho Res., Inc., 345 F.3d 338, 342 (5th Cir.2003) (citing Owaski v. Jet Florida Sys., Inc., 883 F.2d 970, 972 (11th Cir. 1989)). Plaintiffs' claims were listed as unsecured disputed claims in the bankruptcy proceedings and no formal proof of claim was filed. Therefore, Club Zippers argues that all claims against it are barred, which also forecloses any liability on the part of Schoch, because liability of the underlying corporation is a prerequisite to piercing the corporate veil.

[1] Plaintiffs argue that "Defendant Schoch and Defendant Club Zippers, Inc. have not argued and cannot reasonably argue that they and the bankruptcy court did not have notice of Plaintiffs' claims." [Docket No. 47, ¶ 5, Pls' Pos. Paper] While persuasive at first glance, Plaintiffs' argument confuses the issue. The issue is whether Plaintiffs failed to comply with a procedural requirement of the bankruptcy court—the filing of a proof of claim. Thus, this Court must turn to Plaintiffs' argument that the removal of their state court suit constitutes an informal proof of claim as described in In re Nikoloutsos, 199 F.3d 233 (5th Cir.2000).

In Nikoloutsos, the Fifth Circuit stated that the following elements must be met in order for a document to qualify as an informal proof of claim:

(1) the claim must be in writing;

(2) the writing must contain a demand by the creditor on the debtor's estate;

(3) the writing must evidence an intent to hold the debtor liable for such debt;

(4) the writing must be filed with the bankruptcy court; and

(5) based upon the facts of the case, allowance of the claim must be equitable under the circumstances.

Id. at 236 (adopting the test articulated in Reliance Equities, Inc. v. Valley Fed. Sav. and Loan Ass'n, 966 F.2d 1338, 1345 (10th Cir.1992)). The plaintiff in Nikoloutsos argued that her complaint in an adversary proceeding amounted to an informal proof of claim and the Fifth Circuit agreed. Id. at 238. The court explained that the first four elements were clearly met and that allowance of the claim was equitable because Nikoloutsos filed for bankruptcy to avoid paying the plaintiff's claim. Id. at 237. In holding that the bankruptcy court had been put on notice of the plaintiff's claim, the court further noted that "a court cannot ignore what has been brought to its attention." Id. at 237 n. 1.

Plaintiffs in this case argue that the removal of their state court lawsuit to the bankruptcy court by Schoch qualifies as an informal proof of claim. [Docket No. 47, ¶ 4, Pls' Pos. Paper] Based upon the facts of this case, this Court agrees. The Plaintiffs' entire case was "filed" via Schoch's Application and Notice of Removal, which was filed with the bankruptcy court on December 23, 2004. In re Club Zippers, Inc., No. 04–11644, Docket No. 1. This Court withdrew reference to the adversary proceeding [6] and is hearing this case under

---

6. In re Club Zippers, Inc., Adversary No. 04–01033, Docket No. 1.

the current cause number pursuant to the Court's order of February 23, 2005. [Docket No. 1] In fact, the Debtor's Plan of Reorganization noted that Plaintiffs' claims "shall be litigated in federal district court," and that "[i]f upheld by the court, they shall be paid along with those claims found in Class 6 above." *In re Club Zippers, Inc.*, No. 04–11644, Docket No. 31. Thus, it appears as though the bankruptcy court accepted Plaintiffs' Adversary Proceeding as an informal proof of claim and in evaluating the documents filed in the bankruptcy proceeding the elements of an informal proof of claim are clearly met in this case. Plaintiffs' Fourth Amended Complaint constitutes a written demand on the debtor's estate as Plaintiffs state a cause of action against Club Zippers and seek damages for (1) medical expenses, (2) pain and mental anguish, (3) funeral and burial expenses, and (4) loss of future earning capacity. *In re Club Zippers, Inc.*, Adversary No. 04–01033, Docket No. 5, Ex. 58, ¶ IX. Therefore, the first three elements of *Nikoloutsos* are met because the complaint is a writing that contains a demand on the debtor by the creditor and evidences an intent to hold the debtor liable. Furthermore, the removal of Plaintiffs' state court claim constitutes a filing of Plaintiffs' complaint in satisfaction of the fourth element of *Nikoloutsos* because the complaint was filed as part of the Debtor's Notice of Removal of an Adversary Proceeding. Finally, the fifth element of *Nikoloutsos* is met because allowance of the claim is equitable under the circumstances. The *Nikoloutsos* court explained that equity requires "being flexible when justice requires." 199 F.3d at 237. In this case the debtor was clearly aware of the Plaintiffs' claim, as evidenced by the fact that the lawsuit filed by Plaintiffs led to the bankruptcy filing. Thus, equity requires the allowance of the informal proof of claim because debtor's sole argument is

that Plaintiffs failed to follow a procedural step.

Defendant Schoch argues that *Nikoloutsos* "is distinguishable from the case at bar because the creditor in that case filed a Complaint to Determine Dischargeability and specifically told the Court that the Complaint was being filed as an informal proof of claim." [Docket No. 51, ¶ 44, Response to Plaintiffs' Position Statement] While that may be accurate, an informal proof of claim can come in many forms. *See, e.g., In re Anderson–Walker Indus., Inc.*, 798 F.2d 1285, 1288 (9th Cir.1986) (holding that letters notifying the trustee of a debt constitute an informal proof of claim); *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1382 (9th Cir.1985) (holding that a motion to lift the bankruptcy stay in order to pursue a claim is an informal proof of claim); *In re Scott*, 67 B.R. 1011, 1013 (Bankr.M.D.Fla.1986) (holding that complaints against a chapter 7 discharge coupled with objections to a Chapter 13 plan of reorganization are sufficient to establish an informal proof of claim). Limiting an informal claim to a complaint to determine dischargeability would defeat the purpose of the informal proof of claim doctrine. Furthermore, limiting an informal proof of claim to those situations where the creditor specifically tells the court that a document is being filed as an informal proof of claim would effectively transform the document into a formal proof of claim. Indeed, the *Nikoloutsos* court explained that while the plaintiff "did not follow bankruptcy law's 'complicated procedures [by failing to file a formal proof of claim],' that is true every time a creditor relies on an informal proof of claim as opposed to a formal one." 199 F.3d at 237. Defendant Schoch is correct in asserting that the proper procedures were not followed, but Plaintiffs' state court complaint still amounts to an informal proof of claim.

In addition to Plaintiffs' state court complaint, the fact that Plaintiffs filed a motion to lift the bankruptcy stay might also amount to an informal proof of claim. In *Pizza of Hawaii*, the Ninth Circuit found that a creditor's request for relief from the automatic stay to join the debtor as a defendant in a civil case, coupled with the complaint in the underlying civil case, constituted an effective informal proof of claim. 761 F.2d at 1382. The court explained that "the request for relief from the automatic stay, together with the other documents [the plaintiff] filed, sufficiently 'state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable.'" *Id.* (citing *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 816 (9th Cir.1985)). The Eleventh Circuit has similarly held that a motion for relief from the automatic bankruptcy stay constitutes an informal proof of claim. *In re Charter Co.*, 876 F.2d 861, 866 (11th Cir.1989). The court explained that moving for relief from the bankruptcy stay in order to pursue a tort claim shows a clear intent to hold the debtor liable. *Id.* at 863–64. Thus, despite the fact that the amount of the claim was not ascertainable, the motion constituted an informal proof of claim. *Id.* at 864. Noting that "we can examine the other documents and actions of the claimants," the court went on to examine a post-bar date stipulation that "the claimants would resolve their claims against [the debtor] in the bankruptcy court." *Id.* The court ultimately held that the claimants had made an informal proof of claim through their "motion for relief from the automatic stay and the subsequent stipulation." *Id.* at 866.

In the instant case Plaintiffs' Motion to Lift Stay advises the bankruptcy court of Plaintiffs' desire to pursue their claims against Club Zippers in state court and requests relief from the stay, but does little more. *In re Club Zippers, Inc.*, No. 04–11644, Docket No. 12. Thus, Plaintiffs' request for relief from the bankruptcy stay alone does not meet the *Nikoloutsos* test for an informal proof of claim. However, the elements of an informal proof of claim are clearly met when the motion for relief from the bankruptcy stay is combined with (1) the removal of the case to the bankruptcy court, (2) the Plaintiffs' Fourth Amended Complaint and other documents that were removed from state court, (3) the acknowledgment of the claim in the schedules and the disclosure statement, and (4) the Plan of Reorganization's statement that Plaintiffs' claims shall be litigated and paid if upheld. Therefore, Plaintiffs' claims are not barred by their failure to file a formal proof of claim.

In so holding, the Court takes note of the high premium placed on finality in bankruptcy. While allowing the Plaintiffs' claims will disrupt the finality of Club Zipper's bankruptcy, in all likelihood the claims will not require an unraveling of the bankruptcy as Plaintiffs' claims are of the lowest priority. Concerned that they will not be able to recover sufficient monies from the bankruptcy estate based on the class of their claims, the Plaintiffs have primarily pursued Club Zippers in hopes of piercing the corporate veil to recover from Schoch. [*See* September 6, 2005 Oral Argument] The Fifth Circuit has held that discharge and injunction "are expressly designed to protect only the debtor," and has permitted creditors to bring an "'action nominally directed against a discharged debtor for the sole purpose of proving liability on its part as a prerequisite to recovering from its insurer.'" *In re Coho Res., Inc.*, 345 F.3d 338, 342–43 (5th Cir.2003) (citing *In re Jason Pharms., Inc.*, 224 B.R. 315, 321 (Bankr.D.Md. 1998)); *see also In re Traylor*, 94 B.R. 292, 293 (Bankr.E.D.N.Y.1989); *In re Lembke,*

93 B.R. 701, 702–03 (Bankr.D.N.D.1988); *In re White,* 73 B.R. 983, 984–86 (Bankr. D.D.C.1987). Similarly, the effect of this Court's ruling may only result in a claim against Club Zippers nominally, which was a claim contemplated in Club Zippers' Plan of Reorganization. *In re Club Zippers, Inc.,* No. 04–11644, Docket No. 31. All of the arguments in favor of finding for the debtor and rejecting Plaintiffs' informal proof of claim are more accurately directed towards the protection of Schoch, the party that would be harmed if Plaintiffs were successful in piercing the corporate veil. As such, this Court accepts the various filings in this matter as an informal proof of claim and will allow Plaintiffs to proceed against Club Zippers.

### B. Motion to Reconsider State Court Summary Judgment

■ Plaintiffs' motion asks the Court to reconsider the state court's pre-removal summary judgment in favor of Schoch pursuant to Federal Rule of Civil Procedure 60(b). While Plaintiffs are correct in their general assertion that a federal court has jurisdiction to reconsider a pre-removal state court order,[7] reconsideration pursuant to Rule 60(b) would only be proper in those situations contemplated by Rule 60(b). Plaintiffs' motion was filed pursuant to Rule 60(b)(1), (2), (3), and (6), which provide:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or ex-

cusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60. The requirement of "a final judgment, order, or proceeding" means Rule 60(b) can only be employed to reconsider the granting of a motion for summary judgment when the summary judgment is "final" and not interlocutory. 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2852 (2d ed.1995). The state court's order granting summary judgment was effective "As to All Claims Against David Schoch," and noted "that Plaintiffs have and recover nothing of Defendant David Schoch." [Docket No. 39, Ex. A] Therefore, this Court's ability to reconsider the motion under Rule 60 turns on whether the summary judgment was final or interlocutory.

The Supreme Court of Texas has held that "a judgment must dispose of all issues and parties in the case, including those presented by counterclaim or cross action, to be final and appealable." *New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 678–79 (Tex.1990) (citing *N.E. Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966)). In *New York Underwriters,* the plaintiff filed suit against New York Underwriters and David Sampson alleging DTPA violations and a breach of the duty of good faith and fair dealing. *Id.*

---

**7.** *Nissho–Iwai Am. Corp. v. Kline,* 845 F.2d 1300, 1303–04 (5th Cir.1988) (explaining that "whenever a case is removed, interlocutory state court orders are transformed by operation of 28 U.S.C. § 1450 into orders of the

federal district court to which the action is removed," such that the court is "free to treat the order as it would any such interlocutory order it might itself have entered").

at 678. New York Underwriters responded by filing an answer and counterclaim under the DTPA. *Id.* The court granted summary judgment in favor of both defendants, "decreeing 'that Plaintiff take nothing by his claims against NEW YORK UNDERWRITERS INSURANCE COMPANY and DAVID SAMPSON.'" *Id.* The plaintiff appealed and "the court of appeals took jurisdiction of the case as if there were a final judgment, and reversed and remanded." *Id.* The Supreme Court of Texas dismissed the appeal for want of jurisdiction, explaining that "[t]he summary judgment in this case did not dispose of New York Underwriters' counterclaim and was not final and appealable." *Id.* at 679. In so doing, the court noted that a judgment is only final and appealable when it disposes of all the issues and parties in a case and that "[t]here is no presumption in a partial summary judgment proceeding that the judgment was intended to dispose of all parties and issues." *Id.*

■ While the state court's granting of summary judgment in favor of Schoch disposed of all claims against him, Plaintiffs' claims against Club Zippers and the SPI Security defendants were still before the court at that time. Due to the fact that claims were remaining in the case, the summary judgment order was not a "final judgment, order, or proceeding" as contemplated by Rule 60(b).[8] Thus, this Court lacks the authority to reconsider the state court's granting of summary judgment in favor of Schoch under Rule 60(b).

Although reconsideration would not be proper under Rule 60(b), Rule 54(b) provides that any order "which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … is subject to revision at any time before the entry of judgment." FED. R. CIV. P. 54(b). The Supreme Court has interpreted this to mean that "every order short of a final decree is subject to reopening at the discretion of the district judge." *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.,* 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

■ Nevertheless, in this case the Court sees no reason to revisit the judgment of the state court. Plaintiffs rely on the same arguments that were presented in state court. The only new information that has come to light is the fact that Club Zippers has declared bankruptcy, which is not necessarily relevant to the undercapitalization argument advanced by the Plaintiffs because undercapitalization is determined by looking back to the inception of the corporation and the subsequent failure of the corporation is not in and of itself sufficient to prove undercapitalization. *Holmes v. Clow,* 533 S.W.2d 99, 105 (Tex. Civ.App.—Tyler 1976, *no writ*). Accordingly, this Court sees no reason to revisit the Plaintiffs' arguments in furtherance of piercing the corporate veil as Plaintiffs' claims were fully considered and denied by the state court. In addition, reconsidering the state court's holding at this point in time would effectively turn this Court into an appellate court, which is not necessarily the role of this Court.

## C. SPI Security Defendants' Motion to Dismiss

Plaintiffs' Fourth Amended Original Petition names the SPI Security defendants for the first time, but fails to specifically state a cause of action against them. *In re Club Zippers, Inc.,* Adversary No. 04–01033, Docket No. 5, Ex. 58. This Court

---

8. On December 9, 2004, Plaintiffs filed a Motion for Severance and Abatement in state court which, if granted, would have made that judgment final. Prior to obtaining a ruling, the case was removed and Plaintiffs never sought such a ruling in this Court.

made clear in oral argument on September 6, 2005, that the SPI Security defendants were to file a motion for summary judgment, to which the Plaintiffs were given time to respond. The SPI Security defendants then filed a motion to dismiss based on the statute of limitations which this Court, pursuant to it's earlier announcement, treats as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(b)(6). A dismissal based on the statute of limitations would normally be proper pursuant to Rule 12(b)(6).[9] In response, Plaintiffs conceded that the SPI Security defendants "have an affirmative defense under a two-year statute of limitations." [Docket No. 47, ¶ 15, Pls' Pos. Paper] The alleged tortious conduct in this case occurred on February 16, 2002. Plaintiffs did not file a claim against the SPI Security defendants until August 17, 2004, over two years later. Two years is the applicable Texas statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.003 (2005). Therefore, Plaintiffs' claims against the SPI Security Defendants are barred by the statute of limitations.

### III. Conclusion

This Court holds that Plaintiffs' claims against Club Zippers are not precluded based on Plaintiffs' failure to submit a formal proof of claim in the bankruptcy proceeding. The Court also holds that it does not have the authority to reconsider the state court's Order Granting Defendant Schoch's Motion for Summary Judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Furthermore,

while this Court may under other rules reconsider the summary judgment, the Plaintiffs have not given this Court any compelling reason to do so and the Court denies that request.

Defendant Club Zippers, Inc.'s Motion to Dismiss Pursuant to FRCP 12(b) and FRCP 12(c) [Docket No. 43], Plaintiffs' Motion for Reconsideration [Docket No. 39], Plaintiffs' Motion for Extension of Time to File Joint Pretrial Order [Docket No. 40], and Defendant David M. Schoch's Motion to Strike Plaintiffs' Exhibits [Docket No. 52], are hereby **DENIED**. Defendants Ernesto "Ernie" Garza, Jr., Daniel "Bubba" Baecker, and Debra Stukey and Wanda Baecker d/b/a SPI Security Motion for Leave to File Amended Answer [Docket No. 45] and Defendants Ernesto "Ernie" Garza, Jr., Daniel "Bubba" Baecker, and Wanda Lynn Baecker and Debra Stukey d/b/a SPI Security's Motion to Dismiss [Docket No. 46], are hereby **GRANTED**. Defendant David Schoch's Unopposed Motion to Continue Final Pretrial Conference and Trial Setting is **DENIED as moot.**

---

9. "Although defenses are generally not the proper subject of Rule 12(b)(6) motions, certain affirmative defenses that clearly appear on the face of the plaintiffs complaint—most commonly the statute of limitations has run—may properly be asserted in a Rule 12(b)(6) motion." *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 776 (5th Cir.1997) (citing *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir.1994)). Furthermore, "[t]he statute of limitations is not a defense that if not raised in a 12(b)(6) motion is waived thereafter." *United Transp. Union v. Florida East Coast Ry. Co.*, 586 F.2d 520, 527 (5th Cir. 1978).