In re L. MEYER & SON SEAFOOD
CORP., Debtor.

Bankruptcy No. 94–11575–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida.

Sept. 25, 1995.

D. Jean Ryan, James B. Miller, Miami, Florida, for Aptco, Inc.

Rudy Pittaluga, Akerman Senterfitt & Eidson, P.A., Miami, Florida, for Portland Fish Co.

Joel L. Tabas, Trustee, Miami, Florida.

Debbie Galler, Tabas Singerman & Friedman, Miami, Florida, for Joel L. Tabas, Trustee.

## MEMORANDUM DECISION GRANTING IN PART AND DENYING IN PART CREDITOR'S MOTION TO ALLOW PROOF OF CLAIM AS TIMELY FILED OR FOR ALLOWANCE OF TIMELY FILED INFORMAL PROOF OF CLAIM

A. JAY CRISTOL, Chief Judge.

THIS CAUSE came on before the Court on August 18, 1995, on Aptco, Inc.'s Motion To Allow Proof of Claim as Timely Filed or For Allowance of Timely Filed Informal Proof of Claim, and the Court, having considered the argument of counsel and the subsequent proposed Memorandum Decisions submitted simultaneously by the parties (setting forth each of their respective positions) and being otherwise duly advised in the premises, does hereby enter the following findings of fact and conclusions of law:

### BACKGROUND

The Debtor in this case, L. Meyer & Son Seafood Corp., had initially filed on a voluntary basis an Assignment for Benefit of Creditors case, in state court, on April 19, 1994. Three days later, on April 22, 1994 an involuntary Chapter 7 bankruptcy petition was filed against the Debtor and a Consent to the Order of Relief was filed on May 16, 1994 (CP 12).

In the interim, pursuant to instructions received in the Assignment case, several creditors filed their proofs of claim [1] in the state court Assignment proceeding.[2] Aptco, Inc., the Movant herein, was one of the creditors which filed a proof of claim in that Assignment case.[3]

A review of the Bankruptcy Court file reflects that a § 341 meeting was never set in the initial involuntary Chapter 7 case. The file further reflects that on July 7, 1994 Debtor filed a Motion to convert the involuntary Chapter 7 to Chapter 11 (CP 47), and an Order granting said relief was entered on July 12, 1994 (CP 48). However, the mailing matrix used by the Court in distributing this Order was in error, and there is no indication in the court file that many of the creditors listed in the Assignment case, or the bankruptcy schedules as subsequently filed,[4] ever received copies of this bankruptcy court order.

The first Notice of a § 341 Meeting (which was initiated in the Chapter 11 case) was not filed until July 12, 1994 (CP 90), three months after the involuntary petition had been filed and before the schedules were filed. This Notice of Commencement was also improperly noticed by the Court (i.e. not all creditors were served with the notice) because the Court was using an incomplete matrix (CP 90).

In the Chapter 11 case, Debtor scheduled Movant as a creditor for a claim that was a sum certain [5], non-contingent, and liquidated, and therefore, was deemed to have filed a proof of claim under § 1111(a) of the Code.

---

1. These proof of claim forms, not unlike the standard forms used for filing claims with the bankruptcy court, contain a date, the name of the party seeking to establish a claim, the amount of the claim and a signature of the claiming party.

2. A listing of the proofs of claim filed in the Assignment case are attached to this decision as Exhibit "A".

3. The attorney for Aptco, Inc. has also filed a Notice of Joinder on behalf of another potential creditor of this estate—Sea Port Products Corpo-

ration—and has advised the Court that several other potential creditors have contacted her, seeking the same relief, under the same scenario, since the filing of this motion.

4. Although the original order of relief was entered in this case on or about May 16, 1994, the bankruptcy schedules were not filed until July 22, 1994. (See CP's 63, 64 and 65).

5. Debtor listed Movant in its schedules with a debt owed to Movant in the amount of $51,594.00

On August 16, 1994, the U.S. Trustee filed a Motion to Dismiss or Convert the case to a Chapter 7 (CP 86). The Court granted the Motion to convert the case to a Chapter 7 on September 22, 1994 (CP 109). This Order set December 30, 1994 as the claims bar date, and was likewise improperly served on creditors via the wrong mailing matrix. (CP 116).

On October 5, 1994, a second Notice of Commencement was filed in the re-converted case advising of a new January 26, 1995 claims bar date (CP 114). Said notice was also improperly served on creditors via the erroneous mailing matrix, and was not served on several creditors, including Movant. Movant did not file a proof of claim in the converted Chapter 7 case.[6]

The problem of the wrongful mailing matrix being used by the Court appears to be further exacerbated by the fact that the Movant (as well as several other "un-notified" creditors) was actually receiving *some* documents filed in this case—apparently by virtue of amended mailing matrices which appeared on documents filed and served between counsel after the schedules were filed.[7] There was no way for the Movant (or the other "un-noticed" creditors) to have any idea that they were not receiving all the court pleadings and papers, depending on which matrix was being used. Those not intimately involved with the bankruptcy process would not even know to check for further information. From a cursory look at the Court file, the Court believes that it would appear to a distant creditor (not having been a party to the involuntary filing or noticed of the orders on conversion) that, but for an indistinct change in style on the pa-

pers they received, the case was proceeding in some type of new form in the Assignment case, and that the required claims had been filed.[8]

The Trustee realized that approximately one-half of the creditor body (33 claims totalling $1,167,000.00)[9] had not filed claims with the bankruptcy court, although the Trustee had received copies of the proofs of claim filed by some of those creditors in the state court proceeding.[10] Accordingly, the Trustee filed a motion to allow an extension of time for those creditors, as listed on a Schedule, to file proofs of claim. None of the creditors identified on the Schedule, including Movant, appeared at the hearing. (It is unclear which mailing matrix was used to notice creditors). Accordingly, on May 4, 1995 and May 19, 1995 the Court entered orders denying the Trustee's motion to extend the time to file proofs of claim.

Movant submits that the above facts justify the allowance of late filed claims or, in the alternative, a determination that the claims filed in the state court proceeding and received by the Trustee be considered informal proofs of claim. Based upon the foregoing, the Court must now determine if a new claims bar date should be set for those creditors not previously noticed; whether the proofs of claim as filed in the state court Assignment proceeding should constitute informal proofs of claim in the bankruptcy proceeding; or whether the claims should be disallowed in total.

## DISCUSSION AND APPLICABLE LAW
### A. DUE PROCESS & ACTUAL NOTICE

Movant argues that due process requires that a debtor's known creditors must be giv-

---

**6.** Bankruptcy Rule 1019(3) provides that only where a creditor *actually* filed a proof of claim in a Chapter 11 case is it unnecessary for that creditor to file a proof of claim in the Chapter 7.

**7.** This is further supported by the undisputed affidavit filed by the Chief Financial Officer of Movant in support of Aptco's motion, stating that he never received copies of either notice of commencement or the orders on conversion, although Movant's counsel readily admitted that Movant had received some other documents and pleadings in this case.

**8.** See, *Perry v. Certificate Holders of Thrift Savings,* 320 F.2d 584 (9th Cir.1963) (certificate

holders of a bankrupt corporation entitled to file amended claims in proper form if they filed their passbooks before claims bar date, particularly if they were in some way requested to file their passbooks or if they believed that filing passbooks constituted a proof of claim).

**9.** As set forth in the Trustee's Motion to Allow the Late Filing of Proofs of Claim (CP 162).

**10.** The Trustee in this case has verified that the Assignee in the state court proceeding turned over copies of all claims filed in that case, including the Movant's claim, quite some time before the claims bar date passed in the bankruptcy case.

en actual personal notice of the claims bar date. *In re Spring Valley Farms, Inc.,* 863 F.2d 832 (11th Cir.1989) (actual notice of the debtor's bankruptcy filing does not negate the statutory notice requirements nor does it place a duty on creditors to inquire regarding time limitations for filing claims). Debtor argues that even if Movant received no formal notification of the claims bar date, Movant had actual knowledge of Debtor's pending Chapter 7 proceeding prior to the claims bar date. Debtor argues that where a creditor has knowledge of a debtor's bankruptcy proceeding, the requirements of due process are satisfied.

Two due process standards have emerged in the Eleventh Circuit. In *In re Alton,* 837 F.2d 457 (11th Cir.1988), the Court held that in order to avoid the discharge of its debts, a creditor with knowledge of a debtor's bankruptcy proceeding is obligated to file a proof of claim even though he has received no notice of the bar date for filing such a claim. See also, *In re Layman,* 131 B.R. 495 (M.D.Fla.1991). In *In re Layman,* the Court ruled that an unscheduled creditor who received actual knowledge of the bankruptcy is put on inquiry notice of the proceeding, and it then becomes the creditor's duty to inquire as to the bar date for filing a proof of claim. Movant cites *In re Spring Valley Farms, Inc.,* 863 F.2d 832 (11th Cir.1989), which holds that actual notice of the debtor's bankruptcy filing does not negate the statutory notice requirements, nor does it place a duty on creditors to inquire regarding time limitations for filing claims. Yet neither *Alton* nor *Spring Valley* are on point because *Alton* dealt with an individual Chapter 11 debtor and *Spring Valley* dealt with a corporate Chapter 11 debtor. The case at hand deals with a corporate Chapter 7 debtor, where the statutory language and policies are different.

In *Ford Business Forms, Inc. v. Sure Card, Inc.,* 180 B.R. 294 (S.D.Fla.1994), a case factually similar to the case at hand, Chief Judge Roettger of the U.S. District Court for the Southern District of Florida, recently examined the issue of due process standards in corporate debtor Chapter 7 cases. The court held that the lower *Alton* standard for satisfying due process should apply in a corporate Chapter 7 case.

Though the Eleventh Circuit has not addressed which constitutional due process standard applies in corporate Chapter 7 cases, the statutory language governing Chapter 7 cases, the policies underlying Chapter 7 cases vis-a-vis individual debtor cases and corporate Chapter 11 cases, and the decisions of other courts that have considered this issue all suggest that the lower *Alton* standard for satisfying due process should apply in a corporate Chapter 7 case.

First, the statutory language governing Chapter 7 cases, 11 U.S.C. § 726, is the same language that appears in section 523 that the Eleventh Circuit upheld under due process scrutiny in *Alton.* Specifically, section 726 contains the same "notice or actual knowledge of the case" language that is found in section 523(a)(3)(B), which applies to individual debtor cases....

. . . .

Second, there are policy reasons why the lower *Alton* due process standard, not the higher *Spring Valley* standard, should apply to Chapter 7 cases. Procedural due process is not an absolute standard; it has always been balanced against the importance of finality in a particular proceeding. [Citations omitted] Finality is especially important in cases involving individual debtors because of the "fresh start" policy. *Alton,* 837 F.2d at 460. Likewise, in Chapter 7 cases (whether corporate or individual) finality is important because the goal of a Chapter 7 case is to close and distribute a debtor's estate promptly. [Citation omitted]

The Court in *Ford Business Forms* went on to state that neither of these interests is present in a corporate Chapter 11 case and that it is not by chance that the drafters of the Bankruptcy Code considered actual notice of a bankruptcy case sufficient notice in Chapter 7 and individual Chapter 11 cases, but chose not to have this language apply to corporate Chapter 11 cases. This Court agrees. For these reasons, the lower *Alton* due process standard should apply to corporate Chapter 7 cases.

Applying this standard to the case at hand, the Court must conclude that because Movant had notice of the corporate Debtor's pending Chapter 7 bankruptcy proceeding prior to the claims bar date [11], the constitutional due process requirements under *Alton* and *Ford Business Forms* are satisfied. Accordingly, a new claims bar date will not be set.

## B. INFORMAL PROOF OF CLAIM

Bankruptcy Rule 3003(c)(2) provides that, in a Chapter 11 case, a creditor whose claim is not scheduled or is scheduled as disputed, contingent or unliquidated must file a proof of claim.[12] The schedule of a claim is prima facie evidence of its validity and amount, except if the claim is disputed, in which event the creditor must file a proof of claim.

In the Chapter 11 case, Debtor scheduled Movant as a creditor for a claim that was an undisputed sum certain, non-contingent, and liquidated. Therefore, it was not necessary that Movant file a proof of claim although Movant was deemed to have filed a proof of claim pursuant to § 1111(a).[13] Had this case remained a Chapter 11, no further claim filing would be necessary. However, upon the conversion to a Chapter 7, Rule 3002 requires the filing of a proof of claim in every instance.

Movant argues that since its claim was deemed filed under § 1111(a), the proof of claim remains valid in the re-converted Chapter 7 proceeding under Bankruptcy Rule 1019(3). The Court disagrees. Rule 1019(3) provides that "[a]ll claims **actually filed** by a creditor in the superseded case shall be deemed filed in the chapter 7 case."

(emphasis provided). Since Movant never "actually filed" its claim in the Chapter 11 case (it was merely *deemed* filed pursuant to § 1111(a)), Rule 1019(3) does not apply to Movant.

In the alternative, Movant argues that by filing a proof of claim in the Assignment proceeding, it filed an informal proof of claim that can be amended. The Court agrees that the failure on the part of Movant to file a formal proof of claim within the Chapter 7 claim bar date is not necessarily fatal. The purpose of a proof of claim in a Chapter 7 case is to provide the trustee with adequate notice of the creditor's claim. Obviously, a formally filed proof of claim accomplishes this purpose. But so too may an informal assertion of a claim. If an informal proof of claim exists, the courts liberally allow its later amendment. *In re Haugen Constr. Servs., Inc.*, 88 B.R. 214 (Bankr. D.N.D.1988).

Courts have promulgated a long-established liberal policy towards amendment of proofs of claim. *In re Honda*, 106 B.R. 204 (Bankr.D.Hawaii 1989). The intent of the informal proof of claim is to alleviate problems with form over substance; that is, equitably prevent the potentially devastating effect of the failure of a creditor to formally comply with the requirements of the Code in the filing of a proof of claim. *In re Harper*, 138 B.R. 229, 237 (Bankr.N.D.Ind.1991).

Under this doctrine, courts have construed a variety of documents as informal proofs of claim, including motions for relief from an automatic stay [14], letters notifying the trustee of a debt of the estate [15], and complaints

---

**11.** It is undisputed that although the Clerk of the Court was using the wrong mailing matrix and therefore certain creditors (including the Movant herein) never received actual personal notice of the claims bar date, these creditors did receive (and Movant does not deny receiving) filings from other creditors' counsel, who were using their own matrices.

**12.** A *secured* creditor need not file a proof of claim, whether or not properly scheduled, unless it desires to pursue an unsecured deficiency. This is so even if the creditor is scheduled as disputed, contingent or unliquidated.

**13.** § 1111. Claims and Interests

(a) A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules ... except a claim or interest that is scheduled as disputed, contingent, or unliquidated.

**14.** *In re Guardian Mortgage Investors*, 15 B.R. 284 (Bankr.M.D.Fla.1981); *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374 (9th Cir.1985).

**15.** *In re Anderson–Walker Industries, Inc.*, 798 F.2d 1285 (9th Cir.1986).

against a chapter 7 discharge together with an objection to a chapter 13 plan.[16]   *The Charter Co. v. Dioxin Claimants (In re The Charter Co.),* 876 F.2d 861 (11th Cir.1989).

In order to constitute an informal proof of claim, the document must apprise the court of the existence, nature and amount of the claim.  It must also evidence an intent by the claimant to hold the debtor liable for the claim.   *In re Gateway Investments Corp.,* 114 B.R. 784 (Bankr.S.D.Fla.1990); *Sunset Beach, Ltd. v. Stocks (In re Stocks),* 137 B.R. 516 (Bankr.N.D.Fla.1991).   It is clear to the Court that each element of an informal proof of claim has been met in this case.

As to the first requirement, that the court be apprised of the existence, nature and amount of the claim, it is undisputed that the Trustee in this case verified that the Assignee in the state court proceeding turned over copies of all claims filed in that case, including the Movant's claim, quite some time before the claims bar date passed in the bankruptcy case.   Moreover, Debtor was indisputedly apprised of the existence, nature and amount of Movant's claim in that it listed Movant's debt in its Schedules as undisputed, non-contingent, and unliquidated.

As to the second requirement, that the document evidence an intent by the claimant to hold the debtor liable for the claim, the Court determines that by filing a proof of claim in the state Assignment case, which was placed into an involuntary Chapter 7, it is clear that Movant intended to seek recovery from the debtor.   Moreover, Debtor acknowledged as much by listing Movant's claimed debt (in the amount of $51,594.00) in its Schedules as undisputed, non-contingent and liquidated.   All of this was accomplished before the January 26, 1995 claims bar date.

Based upon the facts set forth above, this Court finds that the claim filed by Movant in the Assignment case and submitted to the Trustee in the involuntary Chapter 7 case, constitutes a timely filed informal proof of claim.   *The Charter Co. v. Dioxin Claimants (In re The Charter Co.),* 876 F.2d 861 (11th Cir.1989); *In re Guardian Mortgage Investors,* 15 B.R. 284, 285 (M.D.Fla.1981); *Perry v. Certificate Holders of Thrift Savings,* 320 F.2d 584 (9th Cir.1963); *In re Harper,* 138 B.R. 229 (Bankr.N.D.Ind.1991).   Accordingly, it is

**ORDERED:**  that Movant Aptco, Inc.'s Motion for allowance of timely filed informal proof of claim is GRANTED.  Aptco, Inc.'s motion to extend claims bar date is DENIED.

**DONE AND ORDERED.**

EXHIBIT "A"

SCHEDULE OF CREDITORS

| Creditor/address | Amount of Claim |
| --- | --- |
| Airborne Express<br>Attn: Mila Kujawa<br>3131 Elliott Avenue<br>Seattle, WA 98121–1047 | $  1,312.50 |
| Daniel W. Alonso<br>2352 S.W. 15 St.<br>Miami, FL 33145 | 2,800.00 |
| Alterman Transport Lines, Inc.<br>Attn: Ken Nichols<br>12805 N.W. 42nd Avenue<br>P.O. Box 425<br>Opa Locka, FL 33054 | 339.30 |

**16.**   *In the Matter of Scott,* 67 B.R. 1011 (Bankr.   M.D.Fla.1986).