**In re U.S. SAVINGS ASSOC., LTD., A Partnership, Debtor.**

**Bankruptcy No. 93–11305–9P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 26, 1999.

Richard Siegmeister, Coconut Grove, FL, for debtor.

Robert B. Glenn, Tampa, FL, trustee.

Edwin G. Rice, Tampa, FL, for trustee.

Jeff C. Noebel, Dallas, TX, Pro se.

M.M. Halpern, Dallas, TX, for Equisource Realty.

## ORDER ON JOINT MOTION TO EXTEND TIME TO FILE PROOFS OF CLAIM OR IN THE ALTERNATIVE TO ACCEPT PROOFS OF CLAIM AS INFORMALLY FILED BY JEFF C. NOEBEL AND EQUISOURCE REALTY (DOC. NO. 517)

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon the Joint Motion to Extend Time to File Proofs of Claim or In the Alternative to Accept Proofs of Claim as Informally Filed, filed by Jeff C. Noebel (Noebel) and Equisource Realty Corporation (Equisource) (collectively, the "Movants"). The Court reviewed the Motion and the record, heard argument of Noebel and counsel for Equisource and the Reorganization Trustee and now finds and concludes as follows:

The bar date for filing claims in this Chapter 11 case was August 10, 1994. Although Movants contend that they had no notice of the pendency of this case until June 1995, after the bar date. Movants failed to file proofs of claim until over a year later. On February 10, 1997, Movants filed Proof of Claim Nos. 83 through 86. On July 24, 1998, the Reorganization Trustee filed objections to these claims on the grounds that the claims were filed late, that the claimants failed to attach sufficient documentation in support of the claims and that the claims were barred by the doctrines of res judicata or collateral estoppel. (Doc. Nos. 453, 454, 455 and 456). A hearing on the Objections was held on September 9, 1998. (Doc. No. 458). Counsel for the Reorganization Trustee, counsel for Equisource and Jeff C. Noebel appeared at the hearing. On September 30, 1998, the Court entered an Order disallowing Claim Nos. 83 through 86 with prejudice. (Doc. No. 472). Neither Noebel or Equisource appealed the Order. Thus, the issue of the allowance of their claims has been resolved with finality.

On August 11, 1998, Noebel and Equisource filed Proof of Claim Nos. 87 through 90. The Trustee filed an Objection on the grounds that the claims were late, they did not properly amend Claim Nos. 83 through 86, the claims failed to attach proper documentation, the claims were barred by the doctrines of res judicata or collateral estoppel, and the claims asserted a similar right to payment as Claim No. 54, which had been previously disallowed by the Court. (Doc. Nos. 468—471). A hearing was held on the Trustee's Objection to these claims on November 18, 1998. (Doc. No. 475). Finding that Claim Nos. 87 through 90 were late filed claims, this Court entered an Order on December 2, 1998, disallowing Claim Nos. 87–90. (Doc. No. 483–486). Neither Noebel or Equisource appealed the Orders.

In an attempt to assert claims against the Debtor for at least the third time, Movants filed the instant Motion seeking either (1) authority to file a late claim; or (2) to consider documents filed in this case to be an informal proofs of claim. This Court is unable to afford the relief sought for several reasons:

First, even if Movants were given authority to file late claims and even if this Court were to consider Movants to have filed informal proofs of claim, the substantive claims asserted through either of these procedural vehicles would still be disallowed. This is because this Court's Orders of September 30, 1998 and December 2, 1998 are final non-appealable orders which disallow Movants' claims. Movants seek authority to pursue the identical claims that were previously disallowed. See Motion, par. 1, 3, 4, and 9. Thus, Movants' claims are barred by the doctrine of res judicata.

Second, putting aside that the claims are barred, the doctrine of informal

proof of claim is inapplicable here. It is true that a document which apprises the court of the existence, nature and amount of the claim may be considered to be an informal proof of claim if the document makes clear the claimant's intention to hold the debtor liable for the claim. *See In re Charter Co.*, 876 F.2d 861, 864 (11th Cir.1989); *see also In re L. Meyer & Son Seafood Corp.*, 188 B.R. 315 (Bankr. S.D.Fla.1995). However, the doctrine only applies when the document to be treated as the informal proof of claim is filed by the creditor prior to the bar date. *See In re Norris Grain Co.*, 131 B.R. 747, 750 (M.D.Fla.1990). Here, Movants did not assert claims in the bankruptcy court, even informally, until after the bar date.

Third, the request for an extension of time to file proofs of claim also lacks merit. Movants contend that they first learned of the pendency of the case in June 1995. Yet, they waited until February 10, 1997, over one year, to file proofs of claim and at that time failed to seek authority to do so. It is wholly inappropriate to seek an extension now after the fact. In addition, Movants have made no showing of excusable neglect. *See In re Analytical Systems, Inc.*, 933 F.2d 939 (11th Cir.1991); *In re South Atlantic Financial Corp.*, 767 F.2d 814 (11th Cir.1985).

In view of the foregoing, the Motion should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Joint Motion to Extend Time to File Proofs of Claim or In the Alternative to Accept Proofs of Claim as Informally Filed, filed by Jeff C. Noebel and Equisource Realty be, and the same is hereby denied with prejudice.