In re Frank PABIS and Mary Pabis, Debtors.

ASSOCIATED FINANCIAL SERVICES COMPANY OF MASSACHUSETTS, INC., Movant,

v.

Frank PABIS and Mary Pabis, debtors and Daniel Meister, esq., trustee, Respondents.

Bankruptcy No. 5–83–00845.

United States Bankruptcy Court, D. Connecticut.

July 8, 1986.

**13.** *In re Crum*, 48 B.R. 486, 490, 491 (N.D.Ill. 1985).

Joel M. Grafstein, East Hartford, Conn., for Associates Financial Services of Massachusetts, Inc.

Daniel Meister, Norwalk, Conn., Chapter 13 trustee.

Charles S. Ambrogio, O'Rourke & Ambrogio, Stratford, Conn., for debtors.

## MEMORANDUM ON MOTION TO ALLOW AMENDMENT TO INFORMAL PROOF OF CLAIM

ALAN H.W. SHIFF, Bankruptcy Judge.

The issue presented in this core proceeding is whether Associates Financial Services of Massachusetts, Inc. ("AFS"), an unsecured creditor, may amend a previously filed motion and thereby satisfy Bankruptcy Rule 3002, which requires an unsecured creditor to file a proof of claim in order to have that claim allowed.

### I.

The debtors filed a Chapter 13 petition on September 23, 1983. Neither a list of creditors nor a plan was filed with the debtors' petition or within the time alloted by Bankruptcy Rules 1007 and 3015.[1] On November 29, 1983, AFS filed a motion to dismiss or convert (motion to dismiss) as follows:

1. On or about December 10, 1983, Associates Financial Services Corporation of Massachusetts, Inc. was issued a promissory note by the debtors in the total of $2174.46, providing for payment of one installment of $76.46 payable on January 23, 1981 and 35 equal monthly installments of $60.00 commencing on the 23rd day of February and on the 23rd day of every month thereafter.

2. Debtor defaulted in the payment due on October 23, 1981.

3. Said note provided, *inter alia,* that upon default in the payment of any installment as required by said note, the entire indebtedness shall immediately become due and payable at the option of the lender, together with interest, late damages, and costs of collection, including reasonable attorneys' fees.

4. There is presently due and owing to the plaintiff the sum of $1788.00, plus interest and costs of collection including reasonable attorneys' fees.

5. The lender, Associates Financial Services, has elected to treat this indebtedness as due and payable.

6. On or about September 23, 1983, the debtors filed a petition in Bankruptcy pursuant to Chapter 13 of the Bankruptcy Code.

7. No plan or schedules have been filed by the Debtors in support of their petition in Bankruptcy, nor has Associates Financial Services Corp. been listed as a creditor.

---

1. Code § 521, as applicable in this case, requires, *inter alia,* that "[t]he debtor shall—(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, and a statement of the debtor's financial affairs." Bankruptcy Rule 1007(a)(1) provides that "in a voluntary case, the debtor shall file with the petition a list containing the name and address of each creditor unless the petition is accompanied by a schedule of liabilities or a Chapter 13 Statement."

Bankruptcy Rule 3015 provides in relevant part that "if a [chapter 13] plan is not filed with the petition, it shall be filed within 15 days thereafter and such time shall not be extended except for cause shown and on notice as the court may direct."

Bankruptcy Rule 1007(b) provides in relevant part that "[t]he debtor in a chapter 13 individual's debt adjustment case shall file with the court a Chapter 13 Statement conforming to Official Form No. 10 ..."

Bankruptcy Rule 1007(c), concerning time limits, provides in relevant part that "[t]he schedule and statements ... shall be filed with the petition in a voluntary case, or if the petition is accompanied by a list of all the debtors' creditors and their addresses, within 15 days thereafter [with exceptions not relevant here]."

8. An order of attachment on said real estate was obtained on October 18, 1983 from the Connecticut Superior Court on the real estate of the debtors, known as 366 Dayton Road, Bridgeport, Connecticut, and recorded in Volume 1653 at Page 271. The creditor, Associates Financial Services, had no notice of the Bankruptcy proceedings.

9. Bankruptcy Code Section 1321 and Bankruptcy Rule 3015 mandate that a plan be filed within 15 days of the filing of the Chapter 13 petition.

10. Said creditor requests conversion or dismissal pursuant to Section 1307(c)(3) in that there has been a failure to file a plan within 15 days of the Chapter 13 petition as required by Section 1321 of the Bankruptcy Code and implementing Rule 3015.

11. Under Rule 3015, this 15 day limitation cannot be extended except for cause shown. There is no reason for such an extension insofar as Bankruptcy Code Section 1322(b)(3) would require any plan filed by said debtors call for the payment of the entire indebtedness due to Associates Financial Services within the term of the plan.

12. The aforementioned creditor requests conversion or dismissal of the above-entitled Bankruptcy proceeding pursuant to Section 1307(c)(1) in that debtors have exercised unreasonable delay that is prejudicial to creditors insofar as said creditor has not received payments in well over two years.

13. Said creditor requests conversion or dismissal pursuant to Section 1307(c), in that said request is made for cause, in that said debtors have failed to exercise good faith in the filing of their petition in Bankruptcy.

AFS neglected to serve a copy of that motion upon the trustee notwithstanding the express language of Bankruptcy Rule 9013 which required such notice.[2] AFS also neglected to put the trustee, the debtors, and other parties in interest on notice of the hearing scheduled for that motion despite the December 7, 1983 order of this court requiring such notice. Further, AFS failed to appear at that hearing or request a continuance. It was accordingly concluded that AFS abandoned its motion to dismiss, and no action was taken by the court.

It appears that the reason AFS did not pursue its motion to dismiss is because on December 7, 1983, the debtors filed a plan and Chapter 13 Statement.[3]

The debtors' plan provided *inter alia:* (1) ... 20%[4] is to be paid to creditors by the Trustee upon the filing and allowance of a proof of claim in proper form ... (3) The Trustee is to apply payments as per schedule of debts ... (6) Payments shall only be made to creditors who file proofs of claim in accordance

---

2. Bankruptcy Rule 9013. Motions: Form and Service.

A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing. The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought. Every written motion other than one which may be considered ex parte shall be served by the moving party on the trustee or debtor in possession and on those persons specified by these rules or, if service is not required or the persons to be served are not specified by these rules, the moving party shall serve the persons the court directs.

3. Although the debtors' Chapter 13 Statement lists "Associated Finance" as an unsecured creditor, AFS argues, in its prehearing memoran-

dum, that it was included in the debtors' plan, which made reference to the schedule of debts listed in the debtors' Chapter 13 Statement. It is therefore concluded that AFS has acknowledged that it was listed in the Chapter 13 Statement as "Associated Finance."

4. Although the plan specifies a 20% payment, it has been treated by the debtors and the trustee as a fixed payment plan, requiring the debtors to make 36 monthly payments of $265.00. Under that Plan, payment to all of the unsecured creditors listed in the Schedule of Debts of the debtors' Chapter 13 Statement would provide a 20% payment to unsecured creditors if all those creditors timely filed a proof of claim. If fewer proofs of claim were filed, the percentage would increase. Accordingly, the May 14, 1984 order of this court was designated as an "Order Confirming Plan Fixed Payments."

with applicable provisions of the Bankruptcy Act ...

On January 4, 1984, a computing service utilized by the trustee mailed a notice to all creditors listed on the debtors' Chapter 13 Statement, including AFS,[5] that January 20, 1984 was the first date set for the meeting of creditors, and March 7, 1984 was the date scheduled for the confirmation hearing.[6] The notice also stated:

In order to have his claim allowed so that he may share in any distribution from the estate, a creditor must file a claim whether or not he is included in the list of creditors filed by the debtor. Claims which are not filed by April 19, 1984 will not be allowed, except as otherwise provided by law.

The language of that notice is compatible with the provisions of Bankruptcy Rule 3002 which in relevant part provides:

(a) Necessity for Filing. An unsecured creditor ... must file a proof of claim in accordance with this rule for the claim ... to be allowed ...

(c) Time for Filing. In a ... chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code ...

On November 21, 1985, AFS filed the instant motion to allow an amendment to its motion to dismiss, which it characterized as an "informal Proof of Claim." Thus, AFS takes the position that although it did not file a proof of claim as required by Bankruptcy Rule 3002, its motion to dismiss is the substantive equivalent of a proof of claim, even though it was not filed for that purpose, and it should therefore be read as an informal proof of claim as to which an amendment may be filed to satisfy the technical requirements of Rule 3002.

The trustee objects, arguing that permitting AFS to perfect its claim would be prejudicial to other unsecured creditors whose claims were properly filed and allowed since allowing the claim would affect the amount of payment those other unsecured creditors would receive. The trustee further contends that since he has already made a substantial number of payments under the plan, as ordered by the court, permitting AFS to be included in that plan at this late date might require him to attempt to collect an overpayment to creditors who received more than their share under a recomputation required by the inclusion of AFS' claim.

II.

The concept of the so-called "informal proof of claim" has been given wide attention with the weight of authority favoring a liberal approach to the requirement under Bankruptcy Rule 3002 that a proof of claim must be filed by an unsecured creditor to be allowed. If a writing sufficient to show the existence, nature and amount of a claim against the estate has been filed and has timely become part of the judicial record prior to expiration of the time limit for filing such a claim, some courts have allowed an amendment to that informal proof of claim by a properly drawn formal proof of claim. As the court held in *In re Sullivan*, 36 B.R. 771, 773 (Bankr.E.D.N.Y. 1984), *quoting, In re Lipman*, 65 F.2d 366, 368 (2d Cir.1933), "it is not essential that a document be styled a 'proof of claim,' or that it be filed in the form of a claim, if it fulfills the purposes for which the filing of proof is required." *See also In re Alsted Automotive Warehouse*, 16 B.R. 924, 925 (Bankr.E.D.N.Y.1982) *citing In re Gibraltor Amusements, Ltd.*, 315 F.2d 210, 213 (2d Cir.1963) *citing Hutchinson v. Otis, Wilcox & Company*, 190 U.S. 552, 23 S.Ct. 778, 47 L.Ed. 1179 (1903); *Fyne v. Atlas Supply Company*, 245 F.2d 107, 108–09 (4th Cir.1957); *Sun Basin Lumber Co. v. United States*, 432 F.2d 48, 49 (9th Cir.1970);

---

**5.** See Note 3.

**6.** The confirmation hearing was continued in open court to April 25, 1984 and on that date continued again to May 2, 1984 when the plan was confirmed.

*Perry v. Certificate Holders of Thrift Savings,* 320 F.2d 584, 590 (9th Cir.1963).

It should be observed, however, that there is persuasive authority to the effect that an amendment to a writing should not be allowed to perfect an informal proof of claim where other creditors are thereby prejudiced. *See In re Alsted Automotive Warehouse, Inc., supra,* 16 B.R. at 926 ("It is axiomatic that amendments will be allowed only where to do so will not prejudice a party."); *In re Butterworth,* 50 B.R. 320, 322 (Bankr.W.D.Mich.1984) ("The tardy creditor must also show that no prejudice will result to other creditors or an undue administrative burden placed on the bankruptcy court as would be the case where the amended claim was filed subsequent to final distribution of estate assets to priority and unsecured creditors [in Chapter 7 case]"). *Accord, In re Sambo's Restaurants, Inc.,* 754 F.2d 811, 816–17 (9th Cir.1985).

### III.

Even if the contents of AFS's motion to dismiss is sufficient to come within the judicially sanctioned ambit of an informal proof of claim which may be later amended, treating it in that manner under the circumstances presented here would be inequitable. Service of AFS' motion was defective in that a copy was not served upon the trustee. Although it might be argued that it was the trustee's duty to monitor the court records, especially since the debtors' plan provided that only those creditors with allowed claims would be entitled to a distribution, AFS is hardly in a position to make such a claim, having violated the rule which, if obeyed, would have given the trustee notice that AFS had filed a document it might later claim to be an informal proof of claim. Moreover, as noted, AFS' motion to dismiss was deemed to have been abandoned when AFS failed to attend the hearing scheduled for that motion which leaves AFS nothing to amend.

The most compelling argument against allowing AFS to perfect its alleged informal proof of claim, however, is that it would require an inequitable readjustment of the distribution provided by the plan. While permitting the perfection of an informal proof of claim by a later amendment might always, to some extent, prejudice the unsecured creditors provided for in a fixed payment Chapter 13 plan, the circumstances of a given case might justify such an amendment where a balancing of the equities weighs in favor of the late filing creditor. But here no persuasive reason was advanced by AFS to excuse its failure to file a timely proof of claim or to explain its failure, prior to the payment of a number of distributions under the plan, to assert its contention that its motion to dismiss should be treated as a proof of claim.

The thrust of AFS' argument is that timely filed papers are liberally construed by courts as informal proofs of claim and that such treatment is warranted in this case because adding its claim would not prejudice other creditors since the debtors' plan anticipated that a 20% payment would be made to all creditors, including AFS.

While the first prong of AFS' argument has some merit, the force of the remainder of its contention is considerably diminished by the fact that the debtors' plan only provided for payment to unsecured creditors who filed proofs of claim in proper form in accordance with applicable statutory provisions, see p. 5, *supra.* Thus the allowance of AFS' claim would clearly be at the expense of the other creditors.

AFS was given notice that March 7, 1984 was the date scheduled for a hearing on the debtors' plan; the plan expressly stated that payments would only be made to creditors who filed a proof of claim; and AFS was also given notice that claims had to be filed by April 19, 1984 in order for creditors to share in the distribution, yet AFS neither filed a proof of claim nor asserted its contention that its previously filed motion to dismiss was an informal proof of claim until it filed the instant motion on November 21, 1985, approximately eighteen months after the confirmation hearing and order confirming the debtors' plan. If AFS had any rights under the informal proof of

claim doctrine, they died of neglect and may not be revived at the expense of unsecured creditors who diligently followed the rules.

### IV.

For the foregoing reasons, AFS' Motion to Allow Amendment to Informal Proof of Claim should be denied, and an order may enter accordingly.