**In · the Matter of E.C.W., INC., Debtor.**

**Bankruptcy No. 2–89–00244.**

United States Bankruptcy Court,
D. Connecticut.

Nov. 22, 1989.

David M. Spinner, Bergman, Horowitz & Reynolds, P.C., New Haven, Conn., for Creditor, Nutmeg Bakers Supply Co., Inc.

Alexander Rostocki, Jr., Sorokin, Sorokin, Gross, Hyde & Williams, P.C., Hartford, Conn., for debtor.

## RULING ON MOTION FOR LEAVE TO FILE AMENDED PROOF OF CLAIM

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

### ISSUE

In this proceeding, Nutmeg Bakers Supply Co. (Nutmeg) contends that documents it "prepared and sent" constitute an informal proof of claim filed prior to the bar date established by court order. Nutmeg now seeks leave of court to amend the alleged informal proof of claim with a formal proof of claim. E.C.W., Inc., the debtor in possession (debtor), objects to the granting of Nutmeg's motion on the basis that no informal proof of claim exists to which the amendment can apply. The fol-

lowing background arises from a hearing held on October 19, 1989.

### II.

### BACKGROUND

The debtor, a producer and distributor of baked goods, filed a voluntary chapter 11 petition on March 6, 1989. Its schedule of creditors listed Nutmeg as having two separate claims of $73,261.19 and $32,000.00, both of which were described as disputed. An order of this court established July 18, 1989 as the last date by which all required proofs of claim were to be filed. *See* Bankr.R. 3003(c)(2) and (3).[1] Nutmeg concedes it never timely filed a formal proof of claim. *See Official Form 19.* Nutmeg asserts that, taken together, a state-court action it commenced on or about April 7, 1989 against Gary Ohlbaum, one of the debtor's officers, based on his personal written guarantee of the debtor's obligations; a letter dated May 16, 1989 from the debtor's attorney to Nutmeg's attorney acknowledging receipt of the complaint served on Ohlbaum and requesting time for Ohlbaum to obtain counsel; a letter dated July 14, 1989 from Nutmeg's attorney to the United States Trustee's Office stating the amount of Nutmeg's claim and requesting Nutmeg's appointment to the unsecured creditors' committee; and the filing on March 31, 1989 with the clerk of the bankruptcy court of an appearance by an attorney as counsel for Nutmeg constitute the informal proof of claim.[2]

### III.

### DISCUSSION

If a writing sufficient to show the existence, nature and amount of a claim

---

1. Rule 3003. *Filing Proof of Claim or Equity Security Interest in Chapter 9 Municipality or Chapter 11 Reorganization Cases.*

   (c) *Filing Proof of Claim.*

   . . . . .

   (2) *Who Must File.* Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed

by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

   (3) *Time for Filing.* The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.
   Bankr.R. 3003(c)(2) & (3).

2. A document submitted by Nutmeg dated after the bar date has not been considered.

against the estate has been filed and has timely become part of the judicial record prior to expiration of the time limit for filing such a claim, some courts have allowed an amendment to that informal proof claim by a properly drawn formal proof of claim.

*In re Pabis*, 62 B.R. 633, 636 (Bankr.D. Conn.1986) (Shiff, J.).

Under this doctrine, courts have construed a variety of documents to represent informal proofs of claim when the documents, at a minimum, indicate the basis for the claim and the creditor's intent to hold the estate liable. *See In re Charter Co.*, 876 F.2d 861 (11th Cir.1989) (creditors' motions for relief from stay); *In re Anderson–Walker Indus., Inc.*, 798 F.2d 1285 (9th Cir.1986), *In re Franciscan Vineyards, Inc.*, 597 F.2d 181 (9th Cir.1979) (per curiam) (letters notifying the estate trustee of a debt of the estate), *cert. denied*, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980); *In re Sambo's Restaurants, Inc.*, 754 F.2d 811 (9th Cir.1985) (postpetition lawsuit filed against the debtor in U.S. District Court and joint motion with debtor to transfer action to bankruptcy court).

Nutmeg's documents fall short of constituting an informal proof of claim. The only document actually filed with the court is the attorney's appearance which contains no mention of any claim. *See In re South Atl. Fin. Corp.*, 767 F.2d 814, 820 (11th Cir.1985), *cert. denied*, 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986). Nutmeg's state-court suit against Ohlbaum asserts no claim against the debtor. *See In re Kenitra, Inc.*, 53 B.R. 152, 155–56 (Bankr.D.Or.1985) ("[R]ather than expressing an intent to hold the debtor or the estate liable, the [action] may express an intent by [the creditor] to waive any claim against the debtor or the estate."), *aff'd*, 64 B.R. 841 (Bankr. 9th Cir.1986); *In re Evanston Motor Co., Inc.*, 26 B.R. 998, 1001–02 (N.D.Ill.1983), *aff'd*, 735 F.2d 1029 (7th Cir.1984). *Cf. In re Sambo's Restaurants, Inc.*, 754 F.2d 811 (9th Cir.1985). Finally, Nutmeg's attorney's letter to the United States Trustee's Office requesting Nutmeg's appointment to the creditors' committee does not qualify as a filing with the bankruptcy court, *see* Bankr.R. 5005(a), and does not come within the exceptions of Bankruptcy Rule 5005(b).[3]

## IV.

## CONCLUSION

Because Nutmeg has not established that it has filed an informal proof of claim, its motion for relief to amend such a proof of claim must be, and hereby is, denied.

---

3. *Rule 5005. Filing of Papers.*

(a) *Filing.* The proofs of claim or interest, complaints, motions, applications, objections and other papers required to be filed by these rules, except as provided in 28 U.S.C. § 1409, shall be filed with the clerk in the district where the case under the Code is pending. The judge of that court may permit the papers to be filed with the judge, in which event the filing date shall be noted thereon, and they shall be forthwith transmitted to the clerk.

(b) *Error in Filing.* A paper intended to be filed but erroneously delivered to the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, or the clerk of the district court shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court. In the interest of justice, the court may order that the paper shall be deemed filed as of the date of its original delivery.

Bankr.R. 5005.