**In the Matter of Rene VEILLEUX, Debtor In Possession.**

**Bankruptcy No. 2–90–01538.**

United States Bankruptcy Court, D. Connecticut.

April 24, 1992.

Ben M. Krowicki, Stacey Moody McHenry, George G. Love, II and Peter C.L. Roth, Bingham, Dana & Gould, Hartford, Conn., for The Boston Five Mortgage Corp., claimant.

Myles H. Alderman, Jr., Alderman & Alderman, Hartford, Conn., for debtor in possession.

**OPINION AND ORDER ON DEBTOR IN POSSESSION'S OBJECTION TO CREDITOR'S PROOF OF CLAIM**

ROBERT L. KRECHEVSKY, Chief Judge.

I.

ISSUE

This ruling deals with an assertion that a creditor's motion for relief from stay may be treated as an informal proof of claim

when filed prior to a bar date, subject to being amended after the bar date. The issue has been submitted solely on the pleadings and the parties' memoranda, with the following factual background not in dispute.

## II.

## BACKGROUND

Rene Veilleux, the debtor in possession (debtor), filed a chapter 11 petition on July 25, 1990. The court set December 11, 1990 as the last date by which all required proofs of claim be filed. *See* Fed. R.Bankr.P. 3003(c)(2) and (3).[1] The debtor's schedules listed The Boston Five Mortgage Corporation (BF) as the holder of a $625,745.00 claim designated as "C/U/D" (i.e., "contingent, unliquidated, and disputed."). On October 23, 1990, BF filed a motion for relief from stay for the stated purpose of adding the debtor as a defendant in a pending Connecticut state-court mortgage-foreclosure action. The debtor was a guarantor of the mortgage debt, and the motion asserted that BF wished to establish a deficiency judgment against the debtor as such guarantor and that granting the motion "will serve the interests of judicial economy as the Court will not be burdened with estimating the claim of The Boston Five" and "the state court action will simply determine the amount of the Debtor's liability to The Boston Five." The court entered an order granting the motion on December 20, 1990. The state court, on June 17, 1991, entered a judgment of strict foreclosure and, on September 9, 1991, issued a deficiency judgment for $1,213,-870.06. BF filed its formal proof of claim in that amount with the bankruptcy clerk on September 27, 1991.

On February 25, 1992, the debtor filed an objection to the proof of claim, asserting that the proof of claim had not been timely filed. BF submitted a response to the objection contending that its motion for relief from stay should be considered as a timely-filed, informal proof of claim which the proof of claim filed on September 27, 1991 amended.

The debtor had filed a disclosure statement and plan on September 6, 1991, an amended disclosure statement and plan on December 10, 1991, and a second amended disclosure statement and plan on March 24, 1992. The latest plan is essentially a plan of liquidation, with a hearing on the disclosure statement scheduled for April 28, 1992.

## III.

## DISCUSSION

 Both bankruptcy courts in this district have recognized and followed the doctrine that a creditor's filing of a document with the bankruptcy court prior to a bar date which indicates, at a minimum, the basis for a claim and the creditor's intent to hold the estate liable, may constitute an informal proof of claim capable of being later amended by a formal proof of claim. *See In re E.C.W., Inc.,* 107 B.R. 451, 453 (Bankr.D.Conn.1989); *Associated Fin. Serv. Co. v. Pabis (In re Pabis),* 62 B.R. 633, 636 (Bankr.D.Conn.1986). Rulings from other circuits are uniform in their holdings that when a creditor's motion for relief from stay contains an indication that the creditor intends to hold the debtor liable for an adequately-described claim, such motion may be treated as a document evidencing an informal proof of claim. *See e.g., In re Charter Co.,* 876 F.2d 861, 864

---

1. *Rule 3003. Filing Proof of Claim or Equity Security Interest In Chapter 9 Municipality or Chapter 11 Reorganization Cases.*

. . . . .

(c) *FILING PROOF OF CLAIM.*

. . . . .

(2) *Who Must File.* Any creditor or equity security holder whose claim or interest is not scheduled or schedules as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

(3) *Time For Filing.* The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed. Notwithstanding the expiration of such time, a proof of claim may be filed to the extent and under the conditions stated in Rule 3002(c)(2), (c)(3), and (c)(4).

(11th Cir.1989); *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1381 (9th Cir.1985); *Guardian Mortgage Investors v. Sunset Villas Phase III Condo. Ass'n., Inc. (In re Guardian Mortgage Investors)*, 15 B.R. 284, 285–86 (M.D.Fla.1981); *In re Gateway Investments Corp.*, 114 B.R. 784 (Bankr. S.D.Fla.1990); *In re Chicoine*, 97 B.R. 30 (Bankr.D.Mont.1988); *In re Wm. B. Wilson Mfg. Co.*, 59 B.R. 535, 540 (Bankr. W.D.Tex.1986).[2] BF's motion for relief from stay clearly satisfies the standards of disclosing the basis of its claim and an intent to hold the estate liable.

 It is also well settled that the right to amend an informal proof of claim will be allowed only where no new claims are introduced and where the equities then existing do not bar the amendment. *In re Pabis, supra*, at 637. In light of the relatively slow progress of this case, the lack of any evidence indicating an intentional failing to file a proof of claim to gain some undue advantage, the prompt filing of the formal proof of claim after the rendering of the deficiency judgment by the state court, and the delayed filing of the debtor's objection to the formal proof of claim, the court cannot conclude, as urged by the debtor, that sufficient prejudice to the debtor's estate has been established to bar BF's amended proof of claim.

## IV.

### CONCLUSION

The motion for relief from stay filed by The Boston Five Mortgage Corporation is determined to constitute an informal proof of claim timely filed and capable of being amended. The debtor's objection to such proof of claim is denied. It is

SO ORDERED.

---

**2.** For rulings that a motion for a relief from stay will not be considered as an informal proof of claim if the motion contains no indication of the assertion of a claim against the debtor, *see*

*In re Glick,* 136 B.R. 654, 657 (Bankr.W.D.Va. 1991); *In re Pernie Bailey Drilling Co.,* 105 B.R. 357, 359 (Bankr.W.D.La.1989); *In re Mitchell,* 82 B.R. 583, 586 (Bankr.W.D.Okla.1988).