**In re Norman E. SYLVIA, Jr., Alison Sylvia, Debtors.**

**SUROVIAK ELECTRIC, INC., LaFramboise Well Drilling, Inc., Plaintiffs,**

v.

**Norman E. SYLVIA, Jr., Alison Sylvia, Defendants.**

**Bankruptcy No. 91–23269. Adversary No. 95–2049.**

United States Bankruptcy Court, D. Connecticut.

Oct. 23, 1996.

---

Joel Kessler, Waterford, CT, for Suroviak Electric, Inc., Plaintiff.

Laura Seder, Norwich, CT, for LaFramboise Well Drilling, Inc., Plaintiff.

Kenneth E. Lenz, Cheshire, CT, for Debtors–Defendants.

## MEMORANDUM OF DECISION AND ORDER ON MOTION TO OPEN JUDGMENT BY DEFAULT

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

### ISSUE

The court, in this core adversary proceeding originally commenced solely by Suroviak Electric, Inc. ("Suroviak") on June 3, 1996, entered a judgment by default which revoked the Chapter 7 discharges of Norman E. Sylvia, Jr. ("Norman") and Alison Sylvia (together, "the Debtors"). The Debtors, appearing pro se on June 28, 1996, filed on that date a motion to open the judgment contending, *inter alia,* that they had not been given notice of Suroviak's requests for a default, default judgment and of the entry of such orders, and that they learned of such motions and orders only after their issuance. Suroviak opposes the motion, asserting that the Debtors do not allege they have a meritorious defense to the complaint; that Suroviak gave notice in hand to the Debtors of the request for a default; that the Debtors have not established excusable neglect for their failure to appear in the proceeding; and that under Fed.R.Civ.P. 5, made applicable by Bankruptcy Rule 7005, the defendants were not entitled to notice of the motion to enter default judgment because they failed to file an appearance.[1] A hearing on the Debtors' motion concluded on September 11, 1996, after which Suroviak and the Debtors submitted memoranda of law.

### II.

### BACKGROUND

Suroviak, on March 21, 1995, filed a complaint requesting the court to revoke the Debtors' discharges pursuant to Bankruptcy Code § 727(d)(2) (court shall revoke discharge if debtor fails to report or deliver estate property to trustee). The complaint asserted that Suroviak was a creditor in the Debtors' joint Chapter 7 case, commenced on or about October 10, 1991; that the court granted the Debtors' discharges on or about February 7, 1992; that the joint case was closed on March 30, 1994; and that the Debtors had knowingly and fraudulently failed to deliver various described estate assets to their Chapter 7 trustee. Fatima T. Lobo, Esq. ("Lobo"), on April 24, 1995, entered her appearance for the Debtors and filed an answer to the complaint denying the allegations of failure to deliver estate assets to a trustee and requesting dismissal of the complaint. The court, on October 17, 1995, granted the uncontested motion of LaFramboise Well Drilling, Inc. to intervene as a co-plaintiff in the proceeding.

Lobo, on February 26, 1996, filed a motion for permission to withdraw her appearance for the Debtors, asserting that the Debtors "have failed to cooperate with their counsel by failing to meet with counsel to discuss various adversary proceedings." *Motion For Permission To Withdraw Appearance.* In compliance with local rules[2], Lobo had ad-

---

1. Fed.R.Civ.P. 5(a), in pertinent part, provides that "[n]o service need be made on parties in default for failure to appear...."

2. Local R.Civ.P. 15, made applicable in the bankruptcy court by Loc.R.Bankr.P. 1(b), states:

   Withdrawal of appearances may be accomplished only by leave of Court on motion duly noticed, and normally shall not be granted except upon a showing that other counsel has appeared or that the party has elected to pro-

ceed *pro se,* and that the party whose counsel seeks to withdraw has received actual notice by personal service or by certified mail of the motion to withdraw. In cases where the party has failed to engage other counsel or file a *pro se* appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a *pro se* appearance will result in the granting of the motion to withdraw and

vised the Debtors that their "failure to engage successor counsel, or to file a pro se appearance in this matter ... may result in ... a default being entered against you...." *Notice Required By Rule 15 Local Rules United States District Court For District Of Connecticut.* Lobo's motion to withdraw came on for hearing on March 14, 1996, when Joel Kessler, Esq. ("Kessler"), the plaintiff's attorney, and Matthew Potter, Esq., Lobo's associate, were present in court. The court granted Lobo's motion after finding compliance with the local rules.

The Debtors neither immediately filed pro se appearances nor obtained the appearance of successor counsel in the adversary proceeding. Suroviak, on March 29, 1996, moved for the entry of a default for failure of the Debtors to file an appearance, and claims to have served the Debtors with its motion on March 29, 1996. The clerk of the bankruptcy court entered the Debtors' default on April 4, 1996. *See* Fed.R.Civ.P. 55(a).[3]

Suroviak, on May 2, 1996, filed a motion for judgment by default. *See* Fed.R.Civ.P. 55(b).[4] The court, following receipt of an affidavit executed by a Suroviak officer in support of the motion, on June 3, 1996, entered the judgment by default. The Debtors, on June 28, 1996, filed the instant motion to open the judgment by default. A hearing on the motion was continued at the Debtors'

request so that they could obtain counsel. On August 20, 1996, Kenneth E. Lenz, Esq. entered his appearance for the Debtors, and, as noted, the hearing on the motion concluded on September 11, 1996.

## III.

### DISCUSSION

The post-hearing memoranda submitted by the Debtors and Seroviak primarily deal with the issue of whether Suroviak had made service upon the Debtors of Suroviak's motion for a default on March 29, 1996. Suroviak claims the testimony it presented establishes that Kessler, its attorney who lives in the same town as the Debtors (Waterford, Connecticut), personally hand-delivered the motion to Norman at the Debtors' residence. Both Debtors denied such service was made. There is no need for the court to resolve this issue of credibility.

Fed.R.Civ.P. 55(b)(2) provides, in material part, that "[i]f the party against whom judgment by default is sought has appeared in the action, the party ... shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." This provision means that where a party, such as the Debtors, have once been represented by counsel, even if counsel later withdraws her appearance and

---

may result in a dismissal or default being entered against the party.

**3.** Fed.R.Civ.P. 55(a), made applicable in bankruptcy court by Fed.R.Bankr.P. 7055, provides:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

**4.** Fed.R.Civ.P. 55(b) provides:

Judgment by default may be entered as follows:
(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

neither successor counsel's nor pro se appearances are filed, it is necessary that the three-day notice of the motion for judgment by default be served on such party before such judgment may enter. Thus, the withdrawal of Lobo did not eliminate the notice provision, but required that the notice be served on the Debtors instead of Lobo. *See* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure Civil 2nd* § 2687 (1983) ("A party's failure to appear or be represented at any stage of the proceedings following an initial appearance does not affect [the Rule 55(b)(2)] notice requirement"); *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir.1963) (the notice "provisions [in Rules 5(a) and 55(b)(1)] are clearly intended to apply only to parties who have never made an appearance; they are inapplicable where a party has failed to make an appearance at some subsequent stage of proceedings"). *Cf., Traveltown, Inc. v. Gerhardt Investment Group*, 577 F.Supp. 155 (N.D.N.Y.1983) (where defendants served an answer, they "appeared" in the action within the meaning of Rule 55(b)(2); although the court warned at the pretrial that a default application would be entertained in the event any party failed to appear on the trial date, defendant was still entitled to three-day notice under the rule despite failure to appear).

Suroviak presented no evidence, and makes no claim, that its motion for the entry of a default judgment, filed with the clerk's office on May 2, 1996, was served on the Debtors. Suroviak's failure to give the three-day notice justifies granting the Debtors' motion and setting aside the default judgment.[5]

## IV.

### CONCLUSION

Fed.R.Civ.P. 55(c) provides that "[i]f a judgment by default has been entered [the court] may . . . set it aside in accordance with Rule 60(b)." Fed.R.Bankr.P. 9024 provides that "Rule 60 F.R.Civ.P. applies in cases

under the Code" with exceptions not relevant to the matter at issue. Fed.R.Civ.P. 60(b)(1) authorizes a court to "relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." The court concludes it was a mistake for the court to have entered the judgment by default. The Debtors' motion to open the judgment is granted, the judgment by default is set aside, and the clerk's office shall schedule a pre-trial conference in the adversary proceeding. It is

SO ORDERED.

---

**5.** "On the other hand, when a defaulting party has failed to appear, thereby manifesting no intention to defend, he is not entitled to notice of the application for a default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure Civil 2nd* § 2687 (1983).