**In re DOVE HOUSE, INC., Debtor.**

**Marion Robinson, Movant,**

v.

**Anthony S. Novak, Trustee, Respondent.**

**Bankruptcy No. 89–21772.**

United States Bankruptcy Court, D. Connecticut.

April 14, 1999.

Joel M. Grafstein, Grafstein & Associates, Farmington, CT, for movant.

Theresa A. Fontaine, Chorches & Novak, P.C., Wethersfield, CT, for Anthony S. Novak, trustee-respondent.

***RULING AFTER REHEARING OF COURT'S APPROVAL OF TRUSTEE'S FINAL REPORT AND ACCOUNT***

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

### I.

The significant question before the court under this motion is whether the hereinafter-described actions by a creditor in a Chapter 7 case constitute an "informal" filing of a timely proof of claim. The parties have stipulated to most of the factual background, and the court held a brief hearing to resolve the balance.

### II.

Marion Robinson ("Robinson"), as Executive Director, filed a voluntary Chapter 7 petition on behalf of Dove House, Inc., the debtor ("the debtor") on December 28, 1989. Joel M. Grafstein, Esq. ("Grafstein") appeared as the debtor's attorney. The debtor's schedules listed Robinson as an unsecured creditor due $104,000 for "Money Loaned to corporation." The debtor, as a nonprofit corporation, had operated group homes for the handicapped.

Thomas Germain ("Germain") became the initial trustee of the debtor's estate. The court notified the listed creditors of the debtor's estate, by notice dated January 4, 1990, not to file a proof of claim because there appeared to be no assets available for distribution.

The court, on September 10, 1991, entered an order after a hearing held on August 20, 1991 on Robinson's application, requiring Germain to pay the Internal Revenue Service $3,359.01 because the Internal Revenue Service was in the process of garnishing Robinson's pay for this obligation primarily due from the debtor. Grafstein, on behalf of both the debtor and Robinson, filed the application on May 10, 1991.

The court, on August 20, 1991, notified all estate creditors that the estate trustee had recovered assets, that creditors must file proofs of claim by December 5, 1991, and that creditors who did not file would not share in any distribution from the debtor's estate. Robinson concedes she never filed a formal proof of claim with the debtor's estate or anyone else. She testified that she, during a court hearing on the application to compel the trustee to pay the Internal Revenue Service, gave Germain copies of documents to support the basis of her $104,000 claim and that he said he "would take care of everything." She stated she believed that date to be May 17, 1991. She also stated she had given Germain copies of the same documents a year earlier when she was at Germain's office.

On September 9, 1993, Anthony S. Novak ("Novak") was appointed successor trustee after Germain was removed for cause from that office. During 1993, The Executive Office for United States Trustees ("the U.S. Trustee"), while engaged in

a review of bankruptcy cases in which Germain had been trustee, sent a letter to Grafstein requesting information about the debtor's case. Robinson, as a result of this letter, gave copies of the evidence of the debtor's debt to her to a member of the U.S. Trustee's office.

On December 1, 1998, the court held a hearing on Novak's Final Report and Account ("the Report") as trustee of the debtor's estate. The court entered an order approving the Report. Because Robinson had never filed a proof of claim and because Novak found no evidence in the estate file he had taken over from Germain of any claim on her part, the Report made no provision for Robinson to share in the distribution of estate assets.

Robinson appeared at the December 1, 1998 hearing and claims at that time to have advised Novak of her having given Germain, in 1991, the documents to support her claimed debt. Novak denies such conversation, testifying that Robinson only told him of her sending such documents in 1993 to the U.S. Trustee.

Robinson, on December 9, 1998, filed the instant motion to resolve the issue of whether she is entitled to claim a timely filing of an informal proof of claim with Germain and, thus, entitled to share in the debtor's estate. Germain, no longer residing in Connecticut, was not a witness at the hearing.

Robinson placed into evidence Exhibits I through 5, as copies of the documents she claims to have given Germain in 1990 and 1991. The first four documents are promissory notes payable to various banks, dated during 1984 through 1986 and executed by Robinson on behalf of the debtor and by her, individually. They are in the following amounts, plus interest: $25,000, $8,400, $4,000, and $36,000. The fifth document is a judgment entered by the Connecticut Superior Court on March 19, 1990, finding Robinson liable for $1,597 to a company which had rendered services to the debtor at Robinson's request. That court found Robinson liable because the

debtor had since been dissolved by the State of Connecticut for forfeiture on September 4, 1987, and never reinstated. Robinson contends that these documents support the basis of a finding of her having filed an informal proof of claim.

### III.

Fed.R.Bankr.P. 3001(a) and (b) describe a proof of claim as "a written statement setting forth a creditor's claim" and provides that the proof of claim "shall be executed by the creditor or the creditor's authorized agent." Fed.R.Bankr.P. 5005(c) further provides that proofs of claim shall be filed with the clerk of the court, and if a paper is "erroneously delivered to the trustee ... in the interest of justice, the court may order that the paper shall be deemed filed as of the date of the original delivered."

■ The doctrine of informal proof of claim provides that "a creditor's filing of a document ... which indicates, at a minimum, the basis for a claim and the creditor's intent to hold the estate liable, may constitute an informal proof of claim capable of being later amended by a formal proof of claim." *In re Veilleux,* 140 B.R. 28, 29 (Bankr.D.Conn.1992).

### IV.

■ Robinson's testimony was, at times, confused, contradicted in part by Novak, and unsupported by any documents Novak located in Germain's estate file. But even if the court were to credit her testimony completely, she has not satisfied the requirements for the application of the informal proof of claim doctrine. Simply stated, there is no *writing* signed by Robinson which indicates her *intent* to hold the debtor's estate liable for her claim. Her exhibits satisfy the requirement of establishing the basis of her claim only. The listing of her claim in the bankruptcy schedule which she executed on behalf of the debtor also cannot qualify as an informal proof of claim. *See In re*

*Dazic Controls Corporation,* 178 B.R. 328 (Bankr.D.Conn.1995). "An informal claim may be asserted ... only when it is apparent that the debtor intends to seek recovery from the estate.... Mere knowledge of the existence of the claim by the debtor, trustee or bankruptcy court is insufficient." *Id.* at 334 (quoting *In re International Horizons, Inc.,* 751 F.2d 1213, 1217 (11th Cir.1985)). Robinson's application to require Germain to make a payment to the Internal Revenue Service cannot qualify as an informal proof of claim because it did not explicitly or implicitly indicate an intent to hold the bankruptcy estate liable for her other claims. The court ordered that claim paid, and it was paid. Finally, Robinson has provided no authority for her assertion that the doctrine of "excusable neglect" applies to the failure to file a timely proof of claim.

This conclusion is obviously an unfortunate one for Robinson. But as stated in *Dazic,* 178 B.R. at 333, (quoting *In re Haugen Const. Serv., Inc.,* 876 F.2d 681, 682 (8th Cir.1989)):

> Great liberality in permitting amendments of claims in bankruptcy proceedings is proper, but the statute requiring that a proof of claim in writing be filed is clear, positive and unambiguous and it must not be nullified in the name of equity. If the record made within the statutory period, *formal or informal,* disclosed facts showing an assertion of a claim against the estate and an intention by the claimant to share in its assets, there would be a basis for the proposed amendment....

### V.

The motion to revoke the court's order approving the trustee's Final Report in this case must be, and hereby is, denied.