In re John R. WILLARD a/k/a
Rocky Willard, Debtor.

John R. Willard, Plaintiff,

v.

John J. O'Neil, Jr., Trustee, Defendant.

Bankruptcy No. 99–20772.
Adversary No. 99–2095.

United States Bankruptcy Court,
D. Connecticut.

Oct. 22, 1999.

Jeffrey Hellman, Zeisler & Zeisler, Bridgeport, CT, for plaintiff-debtor.

Michael S. Schenker, Francis, O'Neil & Del Piano, Hartford, CT, for defendant.

*RULING ON MOTION TO DISMISS COMPLAINT*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

On February 12, 1996, this court entered a default judgment for $2,155,183.84 ("the default judgment"), on the motion of John J. O'Neil, Jr., Trustee ("O'Neil") against John R. Willard ("the debtor") in *O'Neil v. Willard,* an adversary proceeding (No. 94–2339) filed in the bankruptcy case of *In re Harper Buffing Machine Co.* ("Harper Buffing") (Case No. 92–22933). O'Neil was the Chapter 7 trustee in the Harper Buffing case. On February 25, 1999, O'Neil, as such trustee, filed an involuntary Chapter 7 petition against the debtor, and the court, on April 1, 1999, entered an order for relief upon the debtor's failure to contest the petition. Roberta Napolitano ("Napolitano") was appointed Chapter 7 trustee of the debtor's estate.

The debtor, on June 21, 1999, filed the present complaint in the debtor's Chapter 7 case against O'Neil, seeking, on various grounds, to have the default judgment vacated and O'Neil's claim disallowed. O'Neil, on August 23, 1999, filed a motion to dismiss the complaint, claiming (1) that the complaint is an improper collateral attack on a final judgment entered in another bankruptcy case, (2) that the debtor lacks standing to bring the complaint and (3) that the debtor has failed to state a claim upon which relief can be granted.

### II.

### A.

*THE COMPLAINT*

The debtor's complaint, assertedly filed pursuant to Fed.R.Bankr.P. 3007,[1] contains the following allegations. On June 25, 1994, O'Neil commenced an adversary pro-

---

1. Rule 3007, in relevant part, provides: "An objection to the allowance of a claim shall be in writing and filed.... If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding."

ceeding in the *Harper Buffing* case against the debtor's father, John B. Willard. Understanding that he was the intended defendant in that proceeding, the debtor, on September 26, 1994, entered an appearance pro se and gave his address as 575 Harbor Road, Southport, Connecticut. The debtor attended the May 20, 1996 initial pre-trial conference, at which time he advised the court that his new address was 76 Old Kings Highway North, Westport, Connecticut 06880. On the following day, the debtor sent to the court a follow-up letter, in which he mistakenly noted his new address as 75 Old Kings Highway North, Westport, Connecticut 06880. The debtor never received notice of the final pre-trial conference in the adversary proceeding scheduled for July 8, 1996, and did not attend. On February 12, 1997, the clerk, on O'Neil's motion for default, entered a default against the debtor for failure to defend. On November 25, 1997, the court held a hearing on O'Neil's motion for judgment by default. The debtor did not appear at the hearing and O'Neil's attorney, with knowledge of the debtor's correct business address and aware that the notice of hearing sent to the debtor had been returned undelivered, represented to the court that the debtor had been properly served. The court, based upon an affidavit, entered a judgment of default against the debtor. The complaint, in sum, asserts that the debtor never received notice of the final pre-trial conference, the motion for entry of default or the date of the hearing on judgment by default.

## B.

### THE MOTION TO DISMISS

O'Neil's motion to dismiss is brought under Fed.R.Civ.P. 12(b), made applicable in bankruptcy proceedings by Fed. R.Bankr.P. 7012(b). Rule 12(b) provides, in relevant part, that "the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, ... (6) failure to state a claim upon which relief can be granted...." The motion asserts that the court should dismiss the debtor's complaint as an improper collateral attack on a final judgment; that, under Fed.R.Civ.P. 60(b),[2] made applicable in bankruptcy proceedings by Fed.R.Bankr.P. 9024, the default judgment could have been reopened only by a motion brought within one year of entry of the default judgment; that, even if an independent proceeding to reopen the default judgment is permissible, the debtor lacks standing to bring such an action; and that inasmuch as O'Neil has not filed a proof of claim in the debtor's

---

**2.** Rule 60(b) provides:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying re-

lief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of *coram nobis*, *coram vobis*, *audita querela*, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

case, the debtor cannot object to a nonfiled claim.

## III.

### DISCUSSION

#### A.

■ O'Neil argues that the debtor could have sought relief from the default judgment by appealing it or by bringing a motion under Fed.R.Civ.P. 60(b) and that, having failed to utilize either of these procedures in a timely fashion, the debtor may not now collaterally attack the default judgment. Rule 60(b) does not so provide. The rule specifically states, "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding.... [T]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action." O'Neil's argument, accordingly, is meritless.

■ O'Neil next contends that the debtor had to bring his action in the Harper Buffing case as the bankruptcy case in which the default judgment was rendered. That the debtor could have brought this independent action in the Harper Buffing case does not preclude him from bringing it in his own bankruptcy case, where it is appropriately raised as an objection to O'Neil's claim against the debtor's estate. The court concludes that it has the jurisdiction necessary to entertain an independent action for relief from a judgment rendered by this same court. The court notes that the grounds for maintaining such an action are narrowly construed in order that the one year time limit of Rule 60(b) not be rendered meaningless; "... under the Rule, an independent action should be available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 118 S.Ct. 1862,

1867–68, 141 L.Ed.2d 32 (1998). Whether the circumstances involved in the earlier proceeding were sufficiently egregious to support bringing an independent action for relief from the default judgment is a question of fact. In considering a motion to dismiss, the court "must construe any well-pleaded factual allegations in the complaint in favor of the plaintiff." *Sykes v. James*, 13 F.3d 515, 518 (2d Cir.1993). The motion must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80, 84 (1957). On the basis of the complaint, the court cannot conclude that the facts asserted by the debtor, including allegations of lack of service and misrepresentations to the court, are insufficient to support an independent action.[3]

#### B.

■ O'Neil next argues that the debtor cannot object to a claim for which O'Neil has concededly not filed a proof of claim. Although O'Neil has yet to file a formal proof of claim·in the debtor's bankruptcy case, O'Neil filed the involuntary Chapter 7 petition that commenced the case. An involuntary petition a creditor files against a debtor may qualify as an informal proof of claim. *See, e.g. In re Wilbert Winks Farm, Inc.*, 114 B.R. 95 (Bankr.E.D.Pa. 1990). The involuntary petition satisfies the requirements previously established by this court for an informal proof of claim: it is (1) a document filed by a creditor that (2) sets forth the basis of the claim and (3) indicates the intent to hold the estate liable. *See Robinson v. Novak (In re Dove House, Inc.)*, 233 B.R. 230, 232 (Bankr. D.Conn.1999); *In re Veilleux*, 140 B.R. 28, 29 (Bankr.D.Conn.1992).

---

**3.** See *Suroviak Electric, Inc. v. Sylvia (In re Sylvia)*, 202 B.R. 6 (Bankr.D.Conn.1996) (where appearing defendant not given notice prescribed by Fed.R.Civ.P. 55(b)(2), default judgment may be set aside).

### C.

O'Neil's final contention is that, even if the petition were deemed an informal proof of claim, the debtor lacks standing to object to the claim. In the bankruptcy context, standing requires an "aggrieved person ... directly and adversely affected pecuniarily" by the order of a bankruptcy court. *Licensing by Paolo, Inc. v. Sinatra (In re Gucci)*, 126 F.3d 380, 388 (2d Cir.1997). While in a Chapter 7 case a debtor typically lacks standing to object to claims because the debtor is not aggrieved, there are two recognized exceptions: (1) where assets are more than sufficient to pay all administrative expenses and creditors in full and (2) where the claim involved may not be discharged. *See, e.g. In re Toms*, 229 B.R. 646, 650–51 (Bankr.E.D.Pa.1999). Napolitano, the debtor's Chapter 7 trustee, and O'Neil have each been granted unexpired (at this date) extensions of time in which to file complaints objecting to the debtor's discharge under Bankruptcy Code § 727 and, in the instance of O'Neil, for determination of dischargeability of debt under § 523. The judgment debt at issue may never be discharged, and the debtor, accordingly, holds a direct pecuniary interest in the outcome of this action for disallowance of O'Neil's claim, and has standing to pursue it.

### IV.

### *CONCLUSION*

For the foregoing reasons, the court concludes that it has jurisdiction over this proceeding, that the debtor has standing to assert the claims presented, and that the allegations of the complaint, if proven, are sufficient to state a claim under which relief may be granted. Accordingly, O'Neil's motion to dismiss must be, and hereby is, denied. It is

SO ORDERED.